**In re MURRAY INDUSTRIES, INC., Debtor.**

**MURRAY INDUSTRIES, INC., Murray Chris–Craft Cruisers, Inc., and Uniflite, Inc., Plaintiffs,**

**v.**

**UNITED STATES of America, DEPARTMENT OF TREASURY, INTERNAL REVENUE SERVICE, Defendant.**

**Bankruptcy No. 88–07473–8P1. Adv. No. 89–00197.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Sept. 29, 1989.

John K. Olson, Miami, Fla., for plaintiffs.

Hillary B. Burchuk, for defendant.

ORDER ON MOTION TO DISMISS

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 11 case and the matter under consideration is a Motion to Dis-

miss a Complaint filed by Murray Industries, Inc., Murray Chris–Craft Cruisers, Inc. and Uniflite, Inc. (Debtors). The Complaint, entitled "Complaint to Recover Overpaid Taxes" sets forth a claim seeking to recover a tax refund contending that they, or one of them, are entitled to a refund of taxes allegedly overpaid in the amount of $303,518.34. The Debtors contend that the payment of this amount constitutes a double payment of taxes of Uniflite, Inc. for the fourth quarter of 1983 because the taxes owed by Uniflite for that quarter were paid through weekly deposits in 1985 and also by Murray Chris–Craft Cruisers, Inc. (Cruisers). The Amended Complaint seeks a turnover of a tax refund in the amount of $303,518.34 and basically restates the claim stated in the original Complaint but in addition also alleges that the Debtors, or one of them, are entitled to a refund and the refund allocation if received will be determined in these three cases which have been procedurally consolidated. The right to a turnover order is asserted on the basis that the refund claim is property of the estate, thus subject to turnover pursuant to Section 542 of the Bankruptcy Code; that Uniflite filed an amended IRS Form 941 and requested a refund and that the Internal Revenue Service (IRS) failed to honor the request. The Motion to Dismiss the Amended Complaint, which is accompanied by a Memorandum, is based on the following specific contentions of the Government.

First, it is the contention of the Government that as a condition precedent to any suit to recover a tax refund, the taxpayer must first present an administrative claim to the Commissioner; second, the request for refund must be denied within 120 days from the date of the request; third, the taxpayer must, as condition precedent to obtaining a refund, state that it is not indebted to the Government in any amount; and, fourth, any suit for refund must be filed in the United States District Court. In addition, it is the contention of the Government that the Government did not waive sovereign immunity and it cannot be sued without its consent. While Section 505 of the Bankruptcy Code gives this Court jurisdiction to determine the validity, priority and extent of the tax claim of the Government, this Section does not authorize this Court to grant affirmative monetary relief unless the Government filed a claim in the particular case. In addition, the Government also urges that this is not a "core" proceeding as characterized by the Debtors but is a "related" proceeding, therefore assuming, but not admitting, that this Court has jurisdiction, this Court is powerless to enter a dispositive order, but its jurisdiction is limited to hear the matter and to submit proposed findings of fact and conclusions of law to the District Court.

In opposition to the points raised by the Government, the Debtor first contends that Uniflite did in fact assert a claim for a refund when it filed its amended Form 941 in which, on line 19, it claimed to have made an overpayment in the amount of $227,563.18 and on the block which permits a taxpayer either to have the overpayment applied to the next return or to seek a refund, the refund block was checked off, indicating a formal request for refund. Second, the Debtors contend that inasmuch as the IRS failed to act on the request for a refund within 120 days, its inaction is legally tantamount to a denial of the request; third, it contends that Section 505(a)(2)(B) of the Code which deals with the right of an estate to a tax refund nowhere requires a showing that the estate is not indebted to the Government for any tax and such provision in the Internal Revenue Code is not controlling. Concerning the claim of sovereign immunity, the Debtors point out that the Government is not entitled to invoke the protection of sovereign immunity simply because the Government did in fact file a proof of claim in this consolidated Chapter 11 case, albeit after the Debtor filed its Complaint, the Government filed a Notice of Withdrawal of the proof of claim.

Concerning the Government's contention that in any event the claim asserted by the Debtor is a non-core or a related proceeding, it is the Debtors' position that the claim asserted by the Debtors affects the liquidation of the assets of the estate and, therefore, is within the definition of "core"

proceeding set forth in Section 157(b)(2)(O). Thus, the claim is a "core" proceeding in which this Court can enter a final dispositive order.

Before discussing in detail the respective contentions of the parties, it is now clear and is apparent that neither Murray Industries, Inc. nor Murray Chris–Craft Cruisers, Inc., have a viable refund claim against the Government for the simple reason that they are not the taxpayers who have a legitimate right to assert a refund. Rather it is Uniflite who was the taxpayer and who is the only entity with a possible claim for a refund. The fact that the funds might have been furnished to make the overpayment either by Murray Industries, Inc. or Murray Chris–Craft Cruisers, Inc. is of no consequence. Based on these, this Court is satisfied that the Motion to Dismiss the Complaint vis a vis these two Plaintiffs shall be granted and the Complaint as far as their respective claims are concerned shall be dismissed with prejudice.

■ This leaves for consideration the attack by the Government on the claim for refund asserted by Uniflite. Of course, the threshold question is whether or not a Complaint which seeks affirmative monetary relief against the Government in light of the doctrine of sovereign immunity may be permitted to stand. It cannot be gainsaid that by virtue of the specific provision of the Internal Revenue Code, 26 U.S.C. Sections 6511–6532, a taxpayer who claims to be entitled to a refund and whose request for the refund is denied by the IRS may institute a suit against the Government in appropriate United States District Court provided it met all conditions precedent referred to earlier for the institution of such an action. *Estate of Fink*, 852 F.2d 153 (6th Cir.1988); *Rosenbluth Treading v. United States*, 736 F.2d 43 (2d Cir. 1984); *Busse v. United States*, 542 F.2d 421 (7th Cir.1976); *Stoller v. United States*, 444 F.2d 1391 (5th Cir.1971). Inasmuch as the statute expressly allows the taxpayer to institute a suit for refund against the Government, the defense of sovereign immunity cannot stand. The

fact that such refund suit is filed in this Court and not in the United States District Court should not make any difference subject except to the extent of the limitations on this Court's jurisdiction to entertain such suits. Thus, this Court is satisfied that Section 106 of the Bankruptcy Code which deals with waiver of sovereign immunity does not even apply to tax refund claims at all since this subject is specifically dealt with under the Internal Revenue Code. Section 106 was designed to deal with other types of claims which a Debtor seeks to offset against any claim filed by the Government in the particular case. In addition, in the present instance, as noted, while the Government initially filed a proof of claim, the same was withdrawn, thus currently there is no claim on record in this case against which a Debtor may seek an offset which is provided by subclause (b) of Section 106 of the Bankruptcy Code.

■ The additional requirement of the Internal Revenue Code that before a taxpayer is entitled to a refund it must not be indebted to the Government in any amount is a horse of a different color. It is not disputed by counsel of the Debtors that there is a provision of the Internal Revenue Code which deals with the right to tax refunds. However, to overcome the obvious, counsel for the Debtor contends that Section 505 which gives jurisdiction to this Court to determine the amount or legality of any tax, any fine or penalty relating to a tax has no such requirement. Section 505(a)(2)(B) which deals with tax refunds is really a limitation of a right of a trustee to request such refund and does not grant power to the Bankruptcy Court to order payment of a refund. Clearly, the provision set forth in Section 505 cannot and should not override specific provisions of the Internal Revenue Code.

Next, the 120 day limitation set forth in Section 505(a)(2)(B) is not applicable to this case inasmuch as contrary to the Government's position, the filing of the amended Form 941 was tantamount to a request for a refund and since no refund was forthcoming, this condition precedent to instituting a suit to recover the refund has been ful-

filled; and since the Complaint alleges these facts the Motion to Dismiss based on this contention is without merit.

 This leaves for consideration the last proposition urged by the Government that contrary to the allegations set forth in the Complaint, this is not a "core" but a "related" proceeding and, therefore, this Court is without jurisdiction to enter a final dispositive order. The claim that the proceeding is properly characterized as core is based on Section 157(b)(2)(O) which is the umbrella provision provided by Congress to include the addition to the specific enumerated described proceeding all proceedings affecting the liquidation of the assets of the estate. Concededly, this catchall provision would technically encompass any and all proceedings which affect administration of the estate including those which were concluded to be clearly outside of the power of the Bankruptcy Court to adjudicate. A literal interpretation of this Rule would include all claims of the estate against third parties including a claim for damages for breach of contract which has been found by the Supreme Court not to be the type of civil proceeding which a non-Article III Court may adjudicate. *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). As noted, a proceeding under this provision must do much more than affect the estate or if successful would benefit the estate. *Matter of Wood*, 825 F.2d 90, 95 (5th Cir.1987); *In re STN Enterprises*, 73 B.R. 470, 481 (Bkrtcy.D.Vt. 1987); *Acolyte Electric v. City of New York*, 69 B.R. 155 (Bkrtcy.E.D.N.Y.1986); *In re American Manufacturing Technologies*, 60 B.R. 645, 650 (Bkrtcy.S.D.Cal. 1986). The claim asserted against the Government in this case is in fact, contrary to the intimation set forth in the Amended Complaint, not a turnover of a specific piece of property but affirmative monetary relief i.e., a money judgment. The only connection of the claim asserted is that the taxpayer who seeks a refund is a Chapter 11 debtor. This alone, in this Court's judgment, is not sufficient to render this proceeding to be a "core" proceeding. For this reason, it can only be handled by this Court within the limitations set forth in 28 U.S.C. § 157(c)(1) unless there is a consent by the Government to the entry of a dispositive final judgment subject only to review under 28 U.S.C. § 158.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss as to Murray Industries, Inc. and Murray Chris–Craft Cruisers, Inc. be, and the same is hereby, granted and the Complaint as far as their claims are concerned shall be dismissed with prejudice. It is further

ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss as to Uniflite, Inc. be, and the same is hereby, denied and the Government shall file an answer within fifteen (15) days from the date of entry of this Order. It is further

ORDERED, ADJUDGED AND DECREED that if an answer is filed, a pretrial conference shall be scheduled.

DONE AND ORDERED.