**INTERNAL REVENUE SERVICE,**
**Appellants,**

v.

**Roger PRANSKY, Appellee.**

**No. CIV. 00–2066(GEB).**

United States District Court,
D. New Jersey.

March 30, 2001.

Robert J. Cleary, United States Attorney, Newark, NJ, James J. Wilkinson, U.S. Department of Justice, Washington, DC, for the Internal Revenue Service.

Michael I. Saltzman, White & Case LLP, New York City, Morris S. Bauer,

Ravin, Greenberg & Marks, P.A., Roseland, NJ, for Roger Pransky.

## OPINION

BROWN, District Judge.

This matter comes before the Court upon the appeal of the Internal Revenue Service from the Order of the United States Bankruptcy Court for the District of New Jersey ("Bankruptcy Court") issued by the Honorable William H. Gindin, U.S.B.J., March 17, 2000. This Court exercises appellate jurisdiction pursuant to 28 U.S.C. § 158(a). The Court having considered the submissions of the parties and having heard oral argument, finds that the Bankruptcy Court lacked jurisdiction to adjudicate Roger Pransky's complaint as it relates to the 1984 and 1985 tax years, and affirms the Bankruptcy Court's holding as to its determination that the debtor's remittances for 1986 and 1987 constituted deposits and not payments. The Court will vacate the March 17, 2000 Order of the Bankruptcy Court and remand this matter to the Bankruptcy Court for a final determination of the debtor's estate.

## I. BACKGROUND

Appellee, Roger Pransky ("Pransky" or "debtor"), filed a bankruptcy petition pursuant to Chapter 11 of the United States Bankruptcy Code on January 15, 1997. *See Pransky v. Internal Revenue Service,* 245 B.R. 478, 480 (Bankr.D.N.J.1999). In response to plaintiff's petition, the Internal Revenue Service ("IRS" or "government") filed a timely proof of claim on February 27, 1997, in the amount of $131,237.02. *See id.* at 481. The debtor and the IRS filed motions for summary judgment on the issue of whether the Bankruptcy Court

had jurisdiction to determine the legality of the tax imposed the statute of limitations in 26 U.S.C. § 6511(a). *See id.*

### A. Debtor's Tax History

In 1985, the debtor was under investigation by the United States Attorney's Office. *See* Brief of Appellee ("Appellee's Br.") at 3. Pransky decided not to file any tax returns during the pending investigation, rather the debtor's attorney submitted monetary remittances to the Internal Revenue Service on his behalf. *See id.* at 4–5. Each of these remittances was accompanied by a letter from the debtor's attorney stating that the money was "to be applied to the account of the captioned taxpayers for any income tax liability they may have for the year." *See Pransky,* 245 B.R. at 480. In April of 1985, the debtor filed a timely Form 4868 extension request and an estimated payment of $9,500 for the 1984 tax year. *See id.* The new deadline for the 1984 taxes became August 15, 1985. *See id.* On April 17, 1986, Pransky's attorney sent a remittance to the IRS in the amount of $40,000 for the 1984 tax year. *See id.* Additionally, $4,000 was withheld from Pransky's wages during 1984. *See id.* For the 1985 tax year, Pransky submitted a payment of $20,000 along with a Form 4868 extension request on April 15, 1986. *See id.* at 481. The new deadline for filing of the 1985 tax return became October 15, 1986, and Pransky forwarded a remittance to the IRS in the amount of $150,000, on July 8, 1987, and the debtor's employer withheld an additional $35,000 from his wages for 1985. *See id.* The IRS also received a remittance on July 8, 1987 in the amount of $315,000 toward the debtor's tax liability for 1986.[1] *See id.* In addition, the debt-

---

1. The remittances in the amounts of $40,000, $150,000 and $315,000 were each accompanied by the letter referred to above stating

that the money was "to be applied to the account of the captioned taxpayers for any income tax liability they may have for the

or's employer withheld $50,000 for that year. *See id.* On April 21, 1998, Pransky remitted $9,500 toward his liability for 1987 and his employer withheld $1,564. *See id.*

The debtor finally filed returns for 1984, 1985, and 1986 on December 11, 1991, and filed his return for 1987 on July 20, 1992. *See id.* at 480. The returns reflected an overpayment of the taxes actually due for the 1984 and 1985 tax years. *See id.* at 481. Indeed IRS transcripts indicate an overpayment in the amount of $27,437.97 for 1984, and an overpayment in the amount of $31,697 for the 1985 tax year. *See id.* The debtor sought to apply these overpayments toward the taxes he owed for 1986 and 1987. *See id.* The IRS treated the credits as refund requests, and disallowed the 1984 and 1985 requests on February 20, 1992, and March 9, 1992 respectively. *See id.* The IRS determined the refund requests were time barred under the statute of limitations in 26 U.S.C. § 6511(a), resulting in the stated underpayments. *See id.*

According to the IRS Certificate of Assessments and Payments, Pransky is current on his tax liability for 1984 through 1986, but the 1987 account has an outstanding balance of $144,874.74. *See id.* On February 27, 1997, during the course of Pransky's voluntary bankruptcy proceeding, the IRS filed its proof of claim in the amount of $131,237.02 for the balance of the 1987 taxes. *See id.* The amount reflected a balance of $2,183.28 in taxes, $34,650.15 in penalties, and $94,403.59 in interest. *See id.* On April 7, 1998, Pran-

sky instituted the underlying adversary proceeding "seeking a determination of his federal income tax liability for the taxable years 1984 through 1987." Plaintiff's Complaint ("Pl.'s Compl.") ¶ 1.

## B. The Bankruptcy Court's Decision

Pransky and the Internal Revenue Service both filed motions for summary judgment on the issue of the application of the statute of limitations in 26 U.S.C. § 6511(a).[2] *See id.* at 480. The debtor claimed he was entitled to recover the funds remitted to the IRS for the 1984 and 1985 tax years because they were deposits submitted to prevent the assessment of interest and penalties until he filed his official tax returns. *See id.* at 481. Pransky argued that the statute of limitations in 26 U.S.C. § 6511(a) did not operate to bar his suit because the limitations time frame did not begin to run until he filed his tax returns in 1991 and 1992. *See id.* Conversely, the IRS argued that Pransky's failure to apply for a refund by filing timely tax returns, pursuant to § 6511(a), was a bar to the Bankruptcy Court's jurisdiction to determine the validity of the government's proof of claim to the extent that it involved 1984 and 1985. *See id.*

The Bankruptcy Court noted that both parties agreed upon the material facts of the case and asserted jurisdiction pursuant to 11 U.S.C. § 505(a)(1), which incorporates the statute of limitations in § 6511(a). *See id.* at 482. The Court below indicated that the filing of a claim for refund was governed by 26 U.S.C.

year." *See Pransky,* 245 B.R. at 480. These are the only remittances in question before the Bankruptcy Court. The debtor does not dispute that the amounts submitted with the Form 4868 extension requests constituted payments. *See id.* at 481, n. 2.

2. In relevant part, 26 U.S.C. § 6511(a) states: "Claim for refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later."

§§ 6511(a) and 7422(a).[3] *See id.* The outcome of the motions depended upon the characterization of Pransky's remittances as either deposits or payments; if the remittances were payments, then Pransky's claim for refund would be time barred under § 6511(a). *See id.*

The Bankruptcy Court examined the law regarding whether a remittance constitutes a payment or a deposit, noting that the Court of Appeals for the Third Circuit has rejected a *per se* rule for classifying such remittances as deposits. *See id.* at 483–84 (citing *Fortugno v. Comm'r Internal Revenue*, 353 F.2d 429, 435 (3d Cir. 1965)). The Court below determined there must first be an "assessment or an acquiescence in the proposed deficiency before a remittance can be deemed a payment for purposes of § 6511," and that the debtor did not have a determined liability until after the filing of his tax returns in 1991 and 1992. *Pransky*, 245 B.R. at 484, 485. The Bankruptcy Court held that Pransky's remittances were deposits in the nature of a cash bond, thus the statute of limitations contained in § 6511(a) did not bar Pransky's adversary proceeding. *See id.* at 485. The Bankruptcy Court was unpersuaded by the IRS's treatment of the remittances as advance tax payments, and its contention that an express agreement between the taxpayer and the IRS was required for a remittance to be treated as a deposit. *See id.* at 485. The Court below also found that the remittances did not commit Pransky to any defined tax liability, because the correspondence which accompanied those remittances established the debtor's intent to submit them as deposits. *See id.* Finally, the Bankruptcy Court sustained the imposition of delinquency penalties because the debtor failed to timely submit the remittances in question. *See id.* at 486.

## II. DISCUSSION

### A. Standard of Review

■■■ Bankruptcy Rule 8013 provides, in pertinent part: "On appeal the district court ... may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of witnesses." *Id.* "A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conclusion that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948). A bankruptcy court's conclusions of law, on the other hand, are subject to plenary review. *See Brown v. Pennsylvania State Employees Credit Union*, 851 F.2d 81, 84 (3d Cir.1988). When mixed questions of law and fact are presented, the appropriate standard must be applied to each component of the appeal. *See In re Sharon Steel Corp.*, 871 F.2d 1217, 1222 (3d Cir.1989).

### B. Issues Raised on Appeal

On appeal, the IRS raises two arguments in favor of overruling the decision of the Bankruptcy Court. *See* Brief for Appellant ("Appellant's Br.") at 1. The government argues that Pransky's "suit to recover income tax refunds was untimely

---

**3.** 26 U.S.C. § 7422(a) states in relevant part: "No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax ... until a claim for refund or credit has been duly filed with the Secretary, according to the provisions at law in that regard."

because it was filed more than 2 years after the Internal Revenue Service denied the taxpayer's claim for refund" for the 1984 and 1985 tax years. *Id.* The IRS claims Pransky's suit to recover the overpayments was barred by the statute of limitations set forth in 26 U.S.C. § 6532(a)(1), for filing a refund suit. *See id.* Second, the appellant claims the Bankruptcy Court erred when it found Pransky to be within the statute of limitations for filing a claim for refund pursuant to 26 U.S.C. § 6511(a), because his remittances constituted deposits and not payments. *See id.*

### 1. Statute of Limitations Pursuant to 26 U.S.C. § 6532(a)

■ The doctrine of sovereign immunity allows for suits against the government only when the United States has consented to be sued and this consent defines whether a court has jurisdiction to entertain a suit against the government. *See United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). Congress conferred upon the Bankruptcy Court broad jurisdictional power to adjudicate tax claims pursuant to 11 U.S.C. § 505(a)(1). *See In re Custom Distribution Services Inc.,* 224 F.3d 235, 240 (3d Cir.2000). However, this general grant of jurisdiction does not override specific provisions of the Internal Revenue Code. *See In re Murray Industries, Inc.,* 106 B.R. 284, 286 (Bankr.M.D.Fla.1989). Congress provided a two year statute of limitations on actions maintained against the government for the recovery of income tax, in 26 U.S.C. § 6532(a)(1) and that time bar is considered jurisdictional. *See Finkelstein,* 943 F.Supp. at 431.

Appellant raised the issue of the statute of limitations set forth in 26 U.S.C. § 6532(a)(1) in its answer to the debtor's complaint, and in its brief submitted in support of the government's motion for summary judgment below.[4] *See* Defendant's Answer ¶ 24; Defendant's Memorandum in Opposition to Plaintiff's Motion for Summary Judgment and in Support of Defense Cross–Motion ("Def.'s Memo Below") at 31. While the Bankruptcy Court did not address the statute of limitations issue created by § 6532(a), this actually presents a jurisdictional question as to whether the Bankruptcy Court properly exercised its jurisdiction for the 1984 and 1985 tax years. *See Finkelstein v. United States,* 943 F.Supp. 425, 431 (D.N.J.1996). This Court must consider the application of the statute of limitations contained in § 6532(a) to the debtor's adversary proceeding below. *See Becton Dickinson and Co. v. Wolckenhauer,* 215 F.3d 340, 343 (3d Cir.2000) (holding that a reviewing court has an obligation to satisfy itself of the jurisdiction of the court below).

Pransky filed tax returns for the 1984 through 1986 tax years on December 11, 1991 and a return for 1987 on July 20, 1992. *See Pransky,* 245 B.R. at 480. The debtor claimed overpayments on his 1984 and 1985 tax returns, and sought to apply those amounts to his 1986 and 1987 tax liabilities. *See id.* The IRS disallowed the requested credits from the 1984 and 1985 tax returns on February 20, 1992 and March 9, 1992 respectively. *See id.* No disallowance was ever sent for the 1986 tax claim. *See* Appellee's Br. at 31. The Government argues that the notices of disallowance, which were served upon plaintiff in 1992, began the running of the statute

---

4. 26 U.S.C. § 6532(a) reads in relevant part: "(1) General Rule—No suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty or other sum, shall be begun ... after the expiration of 2 years from the date of mailing ... of a notice of disallowance of the part of the claim to which the suit or proceeding relates."

of limitations set forth in 26 U.S.C. § 6532(a). *See* Appellant's Br. at 5. The debtor argues that the government "confuses the difference between a claim for refund and a suit for refund." Appellee's Sur-reply at 3. The government has acknowledged that Pransky filed a claim for refund pursuant to 26 U.S.C. § 6511(a), but disputes whether that claim was timely. *See* Appellant's Br. at 12.

Pransky concedes that he failed to timely institute a refund suit against the IRS, but argues against application of the statute of limitations. *See* Appellee's Sur-reply at 3. First, Pransky asserts that the IRS brought the issue of its 1987 assessment before the Bankruptcy Court when it filed its proof of claim, thus the Bankruptcy Court properly exercised its jurisdiction. *See* Appellee's Br. at 28. The debtor further argues that even if his complaint was technically barred by the statute of limitations, the Bankruptcy Court could properly evaluate the legality of those claims under a theory of equitable recoupment. *See id.* at 29. Finally, Pransky claims that since his challenge to the 1987 tax assessment necessarily involves the "offset" of the 1984 and 1985 overpayments and that challenge would not be defeated even if plaintiff failed to file refund claims for 1984 and 1985. *See* Appellee's Sur-reply at 3.

### a. Right to Assert Time Barred Tax Claims as Counterclaim

 The Court is not persuaded by appellee's argument that in the context of his bankruptcy, the debtor may raise otherwise time barred issues as a defense or counterclaim to the government's proof of claim. It is clear that the statute of limitations created by specific provisions of the tax code are applicable to bankruptcy proceedings. *See e.g. Custom Distribution,* 224 F.3d at 244 (holding that court sitting in bankruptcy may allow a taxpayer to use overpayment of taxes as offset of debt to the IRS, but only if that offset request is timely); *In re Constable Terminal Corp.,* 246 B.R. 181, 184 (D.N.J.2000) (agreeing with cited courts which have required taxpayers to file a claim for refund within the time limitations required by federal law, even if used as an offset or counterclaim); *In re Dunhill Medical Inc.,* Civ. No. 92–37700, 1996 WL 354696 at *7 (Bankr. D.N.J. March 27, 1996) (holding that although 11 U.S.C. § 505(a)(2)(B) does not require a debtor to have filed a claim with the IRS before requesting an offset or stating a counterclaim, but the debtor's assertion within the context of the bankruptcy must still be timely according to the Internal Revenue Code); *see also In re Carter,* 125 B.R. 832, 835 (Bankr.D.Kan. 1991); *In re Murray Industries,* 106 B.R. at 286. *But cf. In re New Haven Projects Ltd. Liability Co.,* 225 F.3d 283, 286 (2d Cir.2000) (acknowledging the power of federal bankruptcy court to overlook **state law** statutes of limitations) (emphasis added).

Pransky argues that since the IRS has decided to seek the aid of the Bankruptcy Court in collecting the unpaid taxes, the Court below was entitled to examine the entire assessment. *See* Appellee's Br. at 28. However, this argument does not excuse the dilatory nature of Pransky's refund suit to the extent that it involves 1984 and 1985 tax years. The cases cited by the debtor generally support the notion that once the government sues to reduce an assessment to a monetary judgment, or to enforce a tax lien, the entire assessment is eligible for review. *See United States v. O'Connor,* 291 F.2d 520 (2d Cir.1961); *United States v. Tempelman,* 111 F.Supp.2d 85 (D.N.H.2000). However, the cases are factually and legally distinct from the case *sub judice.* In *O'Connor,* the court determined that an assessment

in a suit to enforce a tax lien was not entitled to the same broad conclusive effect of a judgment in a refund suit under § 7422, and therefore the entire assessment could be subject to judicial scrutiny. *See O'Connor,* 291 F.2d at 526–27. There is no mention in either case that the taxpayers would have been allowed to assert any defenses to those assessments out of time.[5]

The foregoing authority clearly establishes that a debtor may not avoid the strict statute of limitations prescribed in the Internal Revenue Code by waiting for the government to institute a legal action after the debtor's claim against the IRS has become time barred. The IRS forwarded notices of disallowance for the 1984 and 1985 tax years in February and March of 1992, more than six years before the debtor filed his complaint on April 7, 1998, and almost five years prior to the filing of the underlying bankruptcy petition. The lawsuit initiated by Pransky after the IRS filed its proof of claim must be subjected to the two year statute of limitation found in 26 U.S.C. § 6532(a)(1), and is barred to the extent it involved 1984 and 1985. Thus, the Bankruptcy Court lacked the necessary jurisdiction to adjudicate the debtor's refund suit for those tax years. However, because the IRS never disallowed Pransky's claims for 1986, the Bankruptcy Court properly exercised its jurisdiction for that year, as well as for 1987.

b. Application of Equitable Recoupment and the Separability of Tax Years

The debtor further argues that even if his refund action is barred by the statute of limitations in § 6532, the Bankruptcy Court properly exercised jurisdiction based on the theory of equitable recoupment. *See* Appellee's Br. at 29. Equitable "[r]ecoupment is available against refund claims for taxes shown to be fairly due, though not assessed, for the **same taxable year** as the refund. Taxes fairly due but not properly assessed for one year cannot be set-off against refunds due for another year." *Philadelphia & Reading Corp. v. United States,* 944 F.2d 1063, 1075 (3d Cir.1991) (emphasis added). Under the IRS code, "[e]ach transaction is bounded by a single taxable year, and each taxable year is treated as a separate claim or cause of action." *Id.* at 1076 (citing 26 U.S.C. § 6214).

The debtor relies on *Bull v. United States,* 295 U.S. 247, 55 S.Ct. 695, 79 L.Ed. 1421 (1935), which holds that if the main action itself is timely, a defense is never barred by the statute of limitations. In *Bull,* the executor of the deceased taxpayer's estate paid the determined estate tax including the deceased's interest in his business partnership for 1920, the year he died. *See Bull,* 295 U.S. at 252, 55 S.Ct. 695. However, in 1925, the Commissioner assessed an additional and different income tax for the same amount of money on which estate tax had already been paid in 1921. *See id.* at 252, 255, 55 S.Ct. 695. Essentially, the alleged illegal taxation in *Bull* did not take place until the Commissioner's inconsistent assessment of the same funds in 1925. *See id.* at 258, 55 S.Ct. 695. The executor appealed to the Board of Tax Appeals, which was rejected

---

**5.** The debtor also cites to *United States v. Kearns,* 177 F.3d 706 (8th Cir.1999), for the proposition that it would be unfair to deny the debtor the opportunity to adjudicate a counter claim against the IRS because of the debtor's failure to comply with the procedures found in I.R.C. § 6511. However, the *Kearns* case is factually distinct from the present matter in that the debtor, who had earned money from embezzlement, made restitution subsequent to the IRS assessment, lowering the total income which had been assessed. *See id.* at 708.

in 1928. *See id.* The newly demanded assessment was then immediately paid and one month later the executor presented a claim for refund for the earlier paid estate taxes. *See id.* The Court acknowledged that even if the government's retention of the money had been in error, if the claim for refund was not timely filed, the taxpayer would have been without redress. *See id.* at 261, 55 S.Ct. 695. However, the Court determined that the plaintiff's cause of action would have been timely in 1925 "when the government proceeded against him for the collection of income tax." *See id.* at 263, 55 S.Ct. 695. Therefore, the plaintiff's claim could not be considered time barred. *See id.* at 262–63, 55 S.Ct. 695.

Essentially, the decision in *Bull* stands "only for the proposition that a party litigating a tax claim in a timely proceeding may, in that proceeding seek recoupment of a related and inconsistent, but now time-barred tax claim relating to the same transaction." *United States v. Dalm,* 494 U.S. 596, 608, 110 S.Ct. 1361 (1990). The Supreme Court cases involving equitable recoupment "have not suspended the rules of jurisdiction." *Id.* Further, the doctrine of equitable recoupment "has never been thought to allow one transaction to be offset against another, but only to permit a transaction which is made the subject of suit by plaintiff to be examined in all its aspects." *Id.* at 611, 110 S.Ct. 1361 (quoting *Rothensies v. Electric Storage Battery Co.,* 329 U.S. 296, 67 S.Ct. 271, 91 L.Ed. 296 (1946)).

 Pransky failed to seasonally contest the denial of his claims for the 1984 and 1985 tax years through a proper re-

fund action instituted within two years of their denial in 1992. In addition, the IRS notices of disallowance were forwarded to Pransky at least four months before the filing of his 1987 tax return on July 20, 1992. *See* I(A) *supra.* The debtor cannot revive the denied and unpursued claims from his 1984 and 1985 tax returns by affixing them to a later claim. *See Stratmore v. United States,* 463 F.2d 1195, 1197 (3d Cir.1972) (holding that the purpose of § 6532(a)(1) would be contravened if a taxpayer could raise previously denied claims). Pransky filed for bankruptcy in January 1997, and he did not file a refund suit until April of 1998.[6] While the proof of claim filed by the IRS was timely in the context of the debtor's bankruptcy proceedings, none of the debtor's actions regarding the 1984 and 1985 tax years were timely for the purposes of § 6532(a). There has not been an allegation that the IRS imposed a double taxation, nor that the government has inconsistently taxed the debtor in any manner. The debtor merely asserts that the government refused to refund money which was remitted by him and not contested in a timely refund suit. *See* Pl.'s Compl. ¶ 32. There has been no inconsistent treatment of any of the tax years at issue in the IRS proof of claim and the debtor's complaint, and each tax year is viewed as a separate transaction. *See Philadelphia & Reading Corp.,* 944 F.2d at 1076. Therefore, the debtor may not avail himself of the doctrine of equitable recoupment.

 Pransky argues that the Bankruptcy Court was entitled to use its equitable powers to maintain fairness in the interest of all creditors, and to prevent the

---

**6.** Although his complaint is not captioned as such, the relief requested by the debtor is governed by 26 U.S.C. § 7422(a) in that Pransky sought a determination of the "amount and legality of the asserted federal income tax

liabilities." *See* Pl.'s Compl. ¶¶ 27, 31. He also sought recovery of the allegedly erroneously collected taxes, by way of a credit for the 1987 tax year. *See id.*

IRS from gaining a windfall.[7] When statutes of limitations on filing requirements are jurisdictional, "non-compliance bars an action regardless of the equities in a given case." *Becton Dickinson & Co.*, 215 F.3d at 344. The debtor ignores the fact that the current situation developed as a result of his failure to timely file tax returns as required by law. In considering an equitable remedy, the court is constrained to consider all of the equities including the fact that Pransky was without privilege to file his taxes almost seven years after they were due. *See United States v. Edelson*, 604 F.2d 232, 234 (3d Cir.1979). The debtor was afforded more than ample opportunity to litigate the disallowances by the IRS according to the express statutes of limitation imposed by the tax code.

### c. Re-submission of Denied Claims

Equally unavailing is the debtor's argument that his claims are not time-barred because he re-submitted claims to the IRS for the 1984 and 1985 tax years after he received the notices of disallowance. *See* Appellee's Br. at 31. Congress has explicitly stated that any consideration or reconsideration given a taxpayer's claim by the Secretary after the mailing of the notice of disallowance "shall not operate to extend the period within which suit may be begun." 26 U.S.C. § 6532(a)(4). *See also Stratmore*, 463 F.2d at 1197; *Finkelstein*, 943 F.Supp. at 432, n. 18. As noted earlier, each tax year is considered a separate transaction, and the debtor's attempt to compile the time barred 1984 and 1985 tax years into the 1987 refund suit does not serve to resurrect time-barred claims. *See Philadelphia & Reading Corp.*, 944 F.2d at 1076; *Stratmore*, 463 F.2d at 1197.

Therefore, the Bankruptcy Court was without jurisdiction to consider the alleged overpayments of the 1984 and 1985 tax years in Pransky's refund suit for 1987.

### 2. Payment or Deposit

Having determined that the Bankruptcy Court did not have jurisdiction to consider the 1984 and 1985 tax years, the next question raised on appeal is whether the Bankruptcy Court properly determined the remittances made by the debtor, for the 1986 and 1987 tax years, were deposits rather than payments.[8] The Bankruptcy Court conducted a thorough analysis of the varying treatment of the payment versus deposit question. *See Pransky*, 245 B.R. at 482–485. In light of the Third Circuit's rejection of the *per se* approach of determining whether a remittance is a payment or a deposit, the Bankruptcy Court adopted the position that an assessment or acquiescence must be determined before a remittance constitutes a payment for the purposes of the statute of limitations in 26 U.S.C. § 6511(a). *See id.* at 484. The Bankruptcy Court was correct in deciding the issue on summary judgment because the question of whether a remittance constitutes a payment or a deposit is a question of law. *See Fortugno v. Commissioner of Internal Revenue*, 353 F.2d 429, 434 (3d Cir.1965).

The Bankruptcy Court relied predominately on the seminal case of *Rosenman v. United States*, 323 U.S. 658, 65 S.Ct. 536, 89 L.Ed. 535 (1945). The Court in *Rosenman*, determined that since the taxpayers had submitted the remittance in question "to cover whatever contingencies the future might define," and because there was

---

7. It must be noted that the IRS is the only creditor to come forward. *See* Transcript of Motion for Summary Judgment before The Honorable William H. Gindin, U.S.B.J. at 38:14–18.

8. Pransky remitted $315,000 toward the 1986 tax year, and $9,500 for 1987.

no defined liability, the remittances were actually deposit in the nature of a cash bond. *See id.* at 662, 65 S.Ct. 536. Similarly, Pransky submitted remittances to the IRS with a letter stating that the money was "to be applied to the account of the captioned taxpayers for any income tax liability they may have for the year." *See Pransky,* 245 B.R. at 480.

The United States Supreme Court recently clarified that an assessment is not an absolute prerequisite to a remittance being deemed a payment. *See Baral v. United States,* 528 U.S. 431, 437, 120 S.Ct. 1006, 145 L.Ed.2d 949 (2000). The Court determined that the remittance of an employer's withholding taxes and a taxpayer's estimated taxes are both deemed payments when received in accordance with 26 U.S.C. § 6513(b)(1) and (2). *See id.* at 435, 120 S.Ct. 1006. Section 6513(b) operates as a deemed paid provision which specifically governs the treatment of withholding and estimated taxes as payments. *See id.* at 435–36, 120 S.Ct. 1006. However, the Court did not address the proper treatment of remittances which are not governed by a deemed paid provision, such as the remittances made by Pransky. *See id.* at 439, n. 2, 120 S.Ct. 1006. The Court referred to the IRS procedures which govern whether a remittance is a payment or a deposit. *See id.* (citing Rev. Proc. 84–58, 1984–2 Cum. Bull. 501).

The referenced revenue procedure specifies "[a] remittance made before the mailing of a notice of deficiency that is designated by the taxpayer in writing as a deposit in the nature of a cash bond will be treated as such by the Service." Rev. Proc. 84–58, 4.02, 1984–2 Cum. Bull. 501. Any remittance made in response to a proposed liability that is not specifically designated as a deposit will be treated as a payment toward the proposed liability. *See id.* at 4.03. However, the procedure

further requires that the IRS treat any "undesignated remittance . . . made **before the liability is proposed** to the taxpayer in writing . . . will be treated by the Service as a deposit in the nature of a cash bond." *Id.* at 4.04 (emphasis added).

Pransky submitted the remittances in question with a letter which, while it may have been more clearly written, did not acquiesce to any specified tax liability. Further, in light of the procedures prescribed by the Internal Revenue Service, the Bankruptcy Court was correct in determining that the remittances made by Pransky's attorney, before the filing of his belated income tax returns, constituted deposits and not payments. The debtor complied with the statute of limitations for filing a timely claim for refund with the Internal Revenue Service. Therefore, the statute of limitations in 26 U.S.C. § 6511(a) did not begin until the debtor filed his income tax returns in 1991 and 1992, thus determining the tax due for the 1984–1987 tax years.

### III CONCLUSION

Therefore, for the reasons expressed above, the Bankruptcy Court was without jurisdiction, pursuant to 26 U.S.C. § 6532(a), to adjudicate the issue of Pransky's alleged overpayments for the 1984 and 1985 tax year in the context of the debtor's refund suit for the 1987 tax year. However, the Bankruptcy Court was correct in determining that Pransky's remittances for the tax years in question constituted deposits, thus preventing the running of the statute of limitations under 26 U.S.C. § 6511(a).