In re David Earl VAN DYKE, Debtor.

Ronald C. Schroeder, Liquidating Agent of the David Earl Van Dyke Liquidating Trust Created by The Confirmed Plan of Reorganization, Plaintiff,

v.

United States of America, Defendant.

Bankruptcy No. 88–81521.
Adversary No. 01–8065.

United States Bankruptcy Court,
C.D. Illinois.

Jan. 15, 2002.

Gary T, Rafool, Thomas W. O'Neal, Peoria, IL, for Debtor.

## OPINION

THOMAS L. PERKINS, Bankruptcy Judge.

Before the Court is the motion of the United States of America (UNITED STATES) to dismiss the complaint filed by Ronald C. Schroeder, Liquidating Agent of the David Earl Van Dyke Liquidating Trust created by the confirmed plan of reorganization (LIQUIDATING AGENT).

The LIQUIDATING AGENT brought this adversary proceeding under § 505(a) of the Bankruptcy Code, seeking under

Count I, a judgment against the Internal Revenue Service (IRS) in the amount of $140,308.34, representing a deposit overpayment of taxes under the confirmed plan and seeking disallowance of IRS' claim for 1987 taxes under Count II. The LIQUIDATING AGENT makes the following allegations in Count I of his complaint. A plan of reorganization was confirmed in the David Earl Van Dyke Chapter 11 bankruptcy proceeding on Sept. 4, 1990. The confirmation order set out the IRS' claim in the amount of $613,215.94, and provided that the IRS was to receive payments over a period of seventy-two months. A component of that claim was an estimated tax liability for the prepetition tax year 1987 in the amount of $200,000. At the time the plan was confirmed, neither the Debtor, David Earl Van Dyke (DEBTOR), nor the LIQUIDATING AGENT had filed a tax return for that year. The LIQUIDATING AGENT continued to make all of the payments to the IRS called for by the confirmation order. Some time thereafter, the LIQUIDATING AGENT filed a tax return for the DEBTOR showing no tax liability. Claiming that the payment of the deposits to the IRS was conditioned upon a subsequent determination and assessment of the 1987 taxes, the LIQUIDATING AGENT seeks the sum of $140,308.34 as a deposit overpayment. In Count II of the complaint, the LIQUIDATING AGENT asserts an objection to the proofs of claim filed by the IRS, alleging that the claims were filed for amounts in excess of the amounts set forth in the confirmed plan.

The IRS filed a motion to dismiss for lack of jurisdiction under Fed.R.Civ.P. 12(b)(1) and for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6).[1] In support of

1. To some degree, the arguments made by the UNITED STATES crisscross between Rule 12(b)(1) and Rule 12(b)(6). The UNITED STATES addresses the statute of limitations issue in the portion of its brief contending that the complaint should be dismissed for

the motion to dismiss, the IRS submitted the affidavit of an IRS employee, attesting that no claim for refund had been filed with the IRS and that the last payment made by or on behalf of the DEBTOR that was applied to the 1987 tax liability was received on June 16, 1997.

The LIQUIDATING AGENT filed a response to the UNITED STATES' motion, asserting that the monies he remitted to the IRS were "deposits" and not "tax payments" and that his claim for refund, made within three years of the filing of the return, is not barred by the statute of limitations for refunds of tax payments. He submitted an affidavit, along with a copy of the 1987 tax return signed by the DEBTOR and filed with the IRS on August 16, 2001, and transcripts received from the IRS regarding the tax liability.

A hearing was held on the UNITED STATES' motion to dismiss on August 21, 2001. At that hearing, the LIQUIDATING AGENT conceded that the motion to dismiss was well-taken as to Count II of the complaint, based upon the 90–day bar date for objections to claims contained in the confirmation order. The LIQUIDATING AGENT sought leave of court to file an amended count. The Court took the pending matters under advisement. After the hearing, as allowed by the Court, the UNITED STATES filed a reply to the LIQUIDATING AGENT'S memorandum in response to its motion to dismiss, refuting the LIQUIDATING AGENT'S contentions that the IRS had accepted the tax liability shown on the DEBTOR'S 1987 tax return, attaching an affidavit of a second IRS employee.

The LIQUIDATING AGENT then sought leave to file a response, addressing

the affidavit of the IRS' employee. The Court now grants this motion and leave is given, instanter.

## RULE 12(b)(1) MOTION TO DISMISS FOR LACK OF JURISDICTION

■ In considering a motion to dismiss for lack of subject matter jurisdiction, the court must accept the complaint's well-pleaded factual allegations as true and draw reasonable inferences in the plaintiff's favor. *Transit Exp., Inc. v. Ettinger,* 246 F.3d 1018 (7th Cir.2001). Evidence submitted by the parties may properly be considered by the court in determining whether subject matter jurisdiction exists. *United Transp. Union v. Gateway Western Ry. Co.,* 78 F.3d 1208 (7th Cir.1996).

■ The LIQUIDATING AGENT'S complaint is brought under Section 505(a) of the Bankruptcy Code, which governs the bankruptcy court's jurisdiction to determine a debtor's tax liability, and the analysis of the issues raised by the UNITED STATES' motion to dismiss starts with that provision. Section 505(a) provides:

> (a)(1) Except as provided in paragraph (2) of this subsection, the court may determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.
>
> (2) The court may not so determine—
>
> (A) the amount or legality of a tax, fine, penalty, or addition to tax if such amount or legality was contested be-

---

failure to state a cause of action, though it acknowledges that the timely filing of a refund claim is a jurisdictional prerequisite to filing suit. *See United States v. Dalm,* 494 U.S. 596, 602, 110 S.Ct. 1361, 108 L.Ed.2d

548 (1990). Key to all of the arguments asserted by the parties are both the unique facts and circumstances of this case and the particular provisions of the order confirming the liquidating plan.

fore and adjudicated by a judicial or administrative tribunal of competent jurisdiction before the commencement of the case under this title; or

(B) any right of the estate to a tax refund, before the earlier of—

(i) 120 days after the trustee properly requests such refund from the governmental unit from which such refund is claimed; or

(ii) a determination by such governmental unit of such request.

11 U.S.C. § 505(a).

The UNITED STATES' motion to dismiss for lack of subject matter jurisdiction is premised in significant part on the grounds of sovereign immunity. The UNITED STATES, contending that Section 505 of the Bankruptcy Code, 11 U.S.C. § 505, contains the exclusive provisions of bankruptcy jurisdiction over a debtor's request for a tax refund, argues that it has not been complied with in this case, and as a result, there has been no waiver of sovereign immunity. Pointing to the language of the statute which provides that the bankruptcy court may hear a claim "of the estate to a tax refund," the UNITED STATES asserts that only the bankruptcy estate may bring a refund action, and that, upon confirmation of the plan the bankruptcy estate ceased to exist. Thus, according to the UNITED STATES' interpretation of Section 505(a), the LIQUIDATING AGENT never had a right to file a refund action in this Court.

The argument made here by the UNITED STATES was recently rejected by the court in *In re Gordon Sel–Way, Inc.*, 270 F.3d 280 (6th Cir.2001), a case involving a debtor's post-confirmation claim for tax refund. Addressing the government's contention that the bankruptcy court lacked jurisdiction under Section 505 of the claim for refund brought by the Chapter 11 debtor after confirmation of its plan of liquidation because it was not brought by a trustee acting on behalf of the estate, the court remarked that it was not convinced, stating:

First, the government's argument that section 505(b) is restricted to trustees seems inconsistent with the broad language of § 505(a), which allows the bankruptcy court to determine

the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.

11 U.S.C. § 505(a). In addition, the legislative history indicates that § 505 was not intended to restrict the bankruptcy court jurisdiction to claims of trustees over property of the estate. Rather, it "authorizes the bankruptcy court to rule on the merits of *any tax claim* involving an unpaid tax, fine, or penalty relating to a tax, or any addition to a tax, of *the debtor or the estate*." 124 Cong.Rec. H11110 (daily ed. Sept. 28, 1978) (remarks of Rep. Edwards introducing the House amendments) (emphasis added), *reprinted in* 1978 U.S.C.C.A.N. 5787, 6436, 6490.

Moreover, at least one circuit has held that § 505 is not restricted solely to claims brought by trustees. *See IRS v. Luongo (In re Constance Luongo)*, 259 F.3d 323, 328–29 (5th Cir.2001). Similarly, several other courts have rejected attempts to restrict the use of other bankruptcy provisions to trustees. For example, in *Fleet Bank of Massachusetts, N.A. v. Tierney, Kalis & Lucas (In re Patriot Illinois Corp.)*, 181 B.R. 56, 59 (Bankr.C.D.Ill.1994) and *Winston & Strawn v. Kelly (In re Churchfield Mgmt. & Inv. Corp.)*, 122 B.R. 76, 79–80 (Bkrtcy.N.D.Ill.1990), bankruptcy courts

allowed successors-in-interest and assignees to bring actions under §§ 544, 547 even though these provisions only mention trustees. Thus, the legislative history and court precedent strongly suggests that section 505(b) is not restricted to trustees and that the government waived sovereign immunity in this case.

Even if this Court were to accept the UNITED STATES' restrictive interpretation of Section 505(a), it would have no application here. The LIQUIDATING AGENT is acting for the benefit of the estate and any recovery he makes on his complaint will inure to the benefit of the DEBTOR'S unsecured creditors under the confirmed plan. The confirmation order, entered with the UNITED STATES' approval, gives the LIQUIDATING AGENT all the rights of a debtor in possession under Section 1107. Under that provision, a debtor in possession is given, with certain exceptions not applicable here, all of the rights of a trustee.

Relying upon Section 6511 of the Internal Revenue Code, which provides that a court has subject matter jurisdiction over amounts for which a taxpayer is seeking a refund if such amounts were paid within three years prior to the filing of the taxpayer's return, or within two years prior to the filing of a claim for refund, the UNITED STATES contends that the LIQUIDATING AGENT'S complaint is barred by the statute of limitations. According to the UNITED STATES, the tax return filed by the LIQUIDATING AGENT was unauthorized and because the last payment that was applied to the DEBTOR'S 1987 tax liability was made on June 16, 1997, and the tax return signed by the

DEBTOR was not filed until August, 2001, the statute of limitations has run.

The LIQUIDATING AGENT concedes that if this Court would determine that the payments to the IRS under the confirmed plan were not "deposits," his claim for refund, not filed within two years after the tax was "paid," is time barred.[2] Relying on *Rosenman v. U.S.*, 323 U.S. 658, 65 S.Ct. 536, 89 L.Ed. 535 (1945), and *I.R.S. v. Pransky*, 261 B.R. 380 (D.N.J.2001), the LIQUIDATING AGENT contends that the amounts remitted to the IRS under the confirmed plan were "deposits" and not tax payments. Under these decisions, the limitations period asserted by the IRS applies only to tax payments and does not apply to bar remittances deemed to be deposits. Courts since *Rosenman* have held that the test to be applied in making this determination is one of facts and circumstances. *Fisher v. U.S.*, 28 Fed.Cl. 88 (1993). Recognizing the deposit/payment distinction and agreeing that in making such a determination that a court must look to the facts and circumstances of an individual case, the Seventh Circuit Court of Appeals noted that among the factors to be considered are whether there was a formal assessment, the taxpayer's intent upon making the remittance, the IRS' treatment of the remittance upon receipt, and when the tax liability is defined. *Malachinski v. C.I.R.*, 268 F.3d 497 (7th Cir. 2001).

In addition, the UNITED STATES points to the LIQUIDATING AGENT'S failure to comply with Section 7422 of the Internal Revenue Code, 26 U.S.C. § 7422, which requires the taxpayer to file a claim for refund with the Secretary. The UNITED STATES discredits the 1987 re-

---

**2.** As the LIQUIDATING AGENT notes in his brief, when the limitation period for claiming a refund is triggered by the filing of the taxpayer's return, the taxpayer can only recover taxes paid within three years prior to the filing of the return. *See*, 26 U.S.C. § 6511(b)(2)(A).

turn filed by the LIQUIDATING AGENT, taking the position that he had no authority to execute the tax return on behalf of the DEBTOR.

■ The UNITED STATES' contention that the 1987 tax return filed by the LIQUIDATING AGENT cannot be considered a claim for refund because the LIQUIDATING AGENT had no authority to file the 1987 tax return for the DEBTOR, is lacking in earnestness. The bankruptcy plan, funded by all the DEBTOR'S assets, contractually obligated the LIQUIDATING AGENT to pay the DEBTOR'S 1987 tax liability. The LIQUIDATING AGENT was in possession of all the DEBTOR'S records. Though the confirmation order did not specifically provide that the LIQUIDATING AGENT would file the 1987 tax return, the DEBTOR'S failure to do so says much about the LIQUIDATING AGENT'S responsibility to do so. Most sensibly, the duty to pay taxes is tied to the duty to file the return under the Internal Revenue Code. *Holywell Corp. v. Smith*, 503 U.S. 47, 112 S.Ct. 1021, 117 L.Ed.2d 196 (1992). There appears no reason that the rule should not apply here as well.

Relying on *In re Custom Distribution Services, Inc.*, 224 F.3d 235 (3rd Cir.2000) and *U.S. v. Kearns*, 177 F.3d 706 (8th Cir.1999), the LIQUIDATING AGENT contends that he was not required to first make an administrative claim before filing this complaint. In view of the most unusual facts and circumstances of this case, this Court would follow the holding of those cases here, and, while the LIQUIDATING AGENT has not argued that he asserted his claim for a refund of the 1987 taxes during the negotiations with the IRS in 1999,[3] it is possible that the "informal claim doctrine" may apply. *See BCS Financial Corp. v. U.S.*, 118 F.3d 522 (7th

Cir.1997). Addressing the judicial inefficiency in requiring a refund claim which was central to a debtor's reorganization plan to be litigated in another forum, the district court in *Sel–Way* concluded:

> The government's argument that Sel–Way was required to file its tax refund claim in a district court or the Court of Federal Claims, and not in the bankruptcy court which was administering Sel–Way's reorganization Plan, does not make sense. At the time Sel–Way filed its refund claim in the bankruptcy court, Sel–Way had not completed the winding-up process, expenses continued to accrue, and claims remained unpaid. There is no dispute that the FUTA refund, whose validity the government does not challenge, will be used by the debtor-in-possession to discharge Plan obligations. Where there is no question that the tax refund will and must be used in accordance with the Plan of reorganization to pay debts of the bankruptcy estate, it is merely semantic gamesmanship to say that the bankruptcy court lacked power to hear the action under § 505 because Plan confirmation had occurred before the refund action was filed, and thus, the estate no longer technically existed. This court must decline the government's invitation to apply such a technical and nonsensical meaning to § 505.

*In re Gordon Sel–Way, Inc.*, 239 B.R. 741 (E.D.Mich.1999). This Court agrees with the district court's common sense approach concerning the weakness of the UNITED STATES' position and shares its concerns regarding judicial economy. Though the purpose of the 120–day requirement in Section 505(a) is to afford the taxing authority an adequate opportunity to review and resolve the claim under its administrative procedures, the legislative history to

---

**3.** *See* n. 6, *infra.*

§ 505(a)(1) reveals that Congress intended to provide a forum for the speedy resolution of disputed tax claims in order that the administration of the bankruptcy case could be promptly concluded. *In re Sammons,* 210 B.R. 197 (Bkrtcy.N.D.Fla.1997). The road has been long in this case and the LIQUIDATING AGENT is near the end of his journey. As best this Court is aware, all other issues in this bankruptcy proceeding have been resolved and all that remains is this disputed tax issue and this Court is the proper forum in which to decide it.

Finally, relying on general principles of bankruptcy jurisdiction, the UNITED STATES submits that this Court lacks subject matter jurisdiction because the bankruptcy estate ceased upon confirmation. In response, the LIQUIDATING AGENT characterizes the UNITED STATES' position as illogical, arguing that this Court's undisputed jurisdiction over the IRS' claim for 1987 taxes prior to confirmation, did not vanish upon confirmation. The LIQUIDATING AGENT also relies upon Section 106 of the Bankruptcy Code, 11 U.S.C. § 106, claiming that all three provisions apply, and asserting that while it has been held unconstitutional as applied to the states, it has not been so held as to the federal government.

 A bankruptcy court's postconfirmation jurisdiction is narrowly constrained. *See, In re Jordan Mfg. Co., Inc.,* 138 B.R. 30 (Bankr.C.D.Ill.1992). As a general rule, upon confirmation of a Chapter 11 plan of reorganization, the restructured entity no longer operates under the protection of the bankruptcy court, but stands on its own feet, free to conduct its business without supervision or approval. *Pettibone Corp. v. Easley,* 935 F.2d 120 (7th Cir.1991). Bankruptcy jurisdiction over postconfirmation matters is appropriate, however, when adjudication has an impact on the estate or the recovery of the creditors, such as where resolution of a dispute may substantially increase the asset pool available for distribution to creditors under a liquidating plan. *In re S.N.A. Nut Co.,* 206 B.R. 495, 500–01 (Bankr.N.D.Ill.1997).

This bankruptcy proceeding appears to have been far from run-of-the-mill.[4] The IRS' claim was estimated at confirmation, and although the plan specified that the 1987 return would be filed within a short time after confirmation, the return was not filed until 1998.[5] Notwithstanding that delay, the confirmed plan unmistakably contemplates that the liability for the 1987 taxes would be fixed at some future point in the bankruptcy proceeding. The LIQUIDATING AGENT has remained under the supervision, albeit limited, of this Court. Since the confirmed plan provides for complete liquidation of all estate assets by the LIQUIDATING AGENT, and subsequent distribution of those assets to the holders of allowed claims, with Court approval after notice and hearing, the necessity of retained jurisdiction is readily apparent. Under these circumstances, the UNITED STATES' argument that this Court's jurisdiction terminated upon sub-

---

4. A different bankruptcy judge presided over most of the proceedings in this bankruptcy. The only proceedings with which this Court is familiar are the routine approvals of the LIQUIDATING AGENT'S quarterly reports. The main case consists of more than fifty files, and, at this stage of the proceeding, it is neither appropriate nor conceivable for this Court to review them on its own.

5. In response to the Court's inquiry regarding the lengthy delay, the LIQUIDATING AGENT alluded to the diverse interests of the DEBTOR in some fifty different entities and the massive amounts of documents handed over to him, representing that the 1987 return was filed as soon as the accountants were able to assimilate the information.

stantial consummation of the plan is not well taken.

The order confirming the plan also authorizes this Court to retain jurisdiction to determine any disputes over administration of the assets of the estate. The determination of the amount of a claim is a primary function of bankruptcy law and is at the core of bankruptcy administration. This bankruptcy case is not yet over. Within this last year, the claim of another creditor in this bankruptcy proceeding which had previously been denied by an order of this Court entered on April 14, 1991, was allowed upon reconsideration. *In re Van Dyke*, No. 88–81521 (Unpublished, J. Altenberger, July 24, 2001). If the LIQUIDATING AGENT prevails in this proceeding, the recovery will be distributed to unsecured creditors.

 Furthermore, the confirmation order, entered with the UNITED STATES' approval, provides that one of the responsibilities delegated to the LIQUIDATING AGENT is to deal with determining the DEBTOR'S tax liability for any year for which the DEBTOR has not filed a tax return, the same as trustees are required to do pursuant to 11 U.S.C. § 1106(a)(6). Although the LIQUIDATING AGENT did not file the 1987 return within the time frame contemplated by the confirmation order, the effect of the lengthy delay in filing the return is an issue requiring the Court to construe the purpose and intent of the confirmation order. It is fundamental that bankruptcy courts have jurisdiction to construe their own orders, including Chapter 11 plan confirmation orders. *Kalamazoo Realty Venture Ltd. Partnership v. Blockbuster Entertainment Corp.*, 249 B.R. 879, 886–87 (N.D.Ill.2000).

 In summary, accepting the allegations of Count I of the complaint as true, as it is required to do, this Court concludes that the LIQUIDATING AGENT has established that this Court has jurisdiction over his refund claim. Federal subject matter jurisdiction is established by good faith allegations. *Matter of Lybrook*, 951 F.2d 136 (7th Cir.1991). Jurisdiction does not turn on whether the plaintiff will ultimately be entitled to the relief sought. At this preliminary stage of the proceedings, the LIQUIDATING AGENT, having alleged that deposits were made with the IRS under the provisions of the confirmed plan, and a return was later filed which established that no liability was due, has made a prima facie case of jurisdiction. Moreover, it is clear that at the time of confirmation the DEBTOR'S 1987 tax liability was undetermined and the DEBTOR'S acknowledgment of the IRS' "estimated" claim was made to meet the IRS' objection to confirmation. Whether the LIQUIDATING AGENT can actually establish that the payments were "deposits" rather than "payments" will be determined down the road. Accordingly, the UNITED STATES' motion to dismiss under Rule 12(b)(1) shall be denied.

## RULE 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CAUSE OF ACTION

 In ruling on a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6), the court must assume as true all well pleaded facts in the complaint and view them in a light most favorable to the plaintiff, drawing all reasonable inferences in favor of the plaintiff. *Veazey v. Communications & Cable of Chicago, Inc.*, 194 F.3d 850 (7th Cir.1999). The purpose of such a motion is not to decide the merits of the case, but to test the sufficiency of the complaint. Dismissal is only proper if the court is convinced, beyond a reasonable doubt, that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Echevarria v. Chicago Title & Trust Co.*, 256 F.3d 623 (7th Cir.2001). Under Fed.

R.Civ.P. 8(a)(2), a party is required only to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Differing from a motion to dismiss for lack of subject matter jurisdiction, when a motion is brought under Rule 12(b)(6), and matters outside the pleadings are presented and not excluded by the court, the motion is required to be treated as one for summary judgment and disposed of as provided in Rule 56. Fed. R.Civ.P. 12(b). If the court decides to consider such extraneous matters, the parties must be given a reasonable opportunity to present all material pertinent to a motion for summary judgment. *Id.*

In the present case, both parties have submitted affidavits and other documents. Despite the submission of extrinsic evidence by both the UNITED STATES and the LIQUIDATING AGENT, the record created could hardly be said to be complete.[6] As previously noted, this Chapter 11 bankruptcy was a complicated proceeding with which this Court's familiarity is limited. Accordingly, contrary to its first impression at the hearing on the motion, this Court finds that consideration of such evidence is premature and the Court will exercise its discretion in refusing to consider that evidence at this early stage of the litigation.[7] The merits of the UNITED STATES' motion will be determined under Rule 12(b)(6), solely on the allegations of the complaint.

 The UNITED STATES contends that the LIQUIDATING AGENT'S refund action is barred by the doctrines of *res judicata* and collateral estoppel. Noting that the confirmed plan has been substantially consummated, the UNITED STATES takes the position that the provisions of the plan which set out the estimated tax liability for 1987 in the amount of $200,000 and allotted 180 days for the filing of the tax return and 90 days for the filing of an objection to claims by the LIQUIDATING AGENT, cannot be modified under Section 1127 of the Bankruptcy Code, which prohibits a reorganized debtor from modifying a confirmed plan after substantial consummation.

This Court does not agree. Neither the deadline contained in the confirmed plan for the filing of the DEBTOR'S 1987 tax return nor the time limit for the filing of objections to claims by the LIQUIDATING AGENT constitute provisions subject to the antimodification ban of Section 1127. Rather, those time limitations are directed to the plan's implementation. The extension of those dates would not affect the material terms of the confirmed plan. Count I sufficiently states a claim for relief.

As to Count II, which the LIQUIDATING AGENT concedes is insufficient, the motion to dismiss will be granted. The LIQUIDATING AGENT'S motion for leave to amend Count II will also be granted, and the LIQUIDATING AGENT will be given 21 days in which to file an Amended Count II. The UNITED STATES will be given 21 days thereafter in which to answer Count I and to file an

---

**6.** The LIQUIDATING AGENT makes reference to a compromise reached with the IRS in early 2000, applying the DEBTOR'S 1987 tax loss of $3,333,179 to the 1995, 1996 and 1997 tax years. The court record discloses that the LIQUIDATING AGENT filed a motion to compromise the controversy on Nov. 17, 1999, after the LIQUIDATING AGENT filed amended returns for those years and the IRS denied the claims for refund. The compromise resulted from the LIQUIDATING AGENT'S pursuit of an administrative appeal of the denial of the claims for refund. The UNITED STATES' assertion that the LIQUIDATING AGENT "sat on his rights" for over ten years, appears to be patently incorrect.

**7.** In so ruling, this Court notes that the LIQUIDATING AGENT served a request to produce on August 28, 2001.

answer or motion with respect to Amended Count II.

This Opinion constitutes this Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate Order will be entered.