

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-29-2003

# In Re: Roger Pransky

Precedential or Non-Precedential: Precedential

Docket 01-2132

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"In Re: Roger Pransky " (2003). *2003 Decisions.* Paper 813.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/813

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

Filed January 29, 2003

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 01-2132

IN RE:
    ROGER PRANSKY,

        Debtor

INTERNAL REVENUE SERVICE

v.

ROGER PRANSKY,

        Appellant

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 00-cv-02066)
District Judge: Honorable Garrett E. Brown, Jr.

Argued September 24, 2002

Before: BARRY, AMBRO and COWEN, Circuit Judges

(Opinion filed: January 29, 2003)

        Michael I. Saltzman, Esquire
         (Argued)
        White & Case LLP
        1155 Avenue of the Americas
        New York, New York 10036

         Attorney for Appellant


        Eileen J. O'Connor
        Assistant Attorney General
        Gilbert S. Rothenberg, Esquire
         (Argued)
        Annette M. Wietecha, Esquire
        Andrea R. Tebbets, Esquire
        Department of Justice, Tax Division
        Post Office Box 502
        Washington, D.C. 20044

         Attorneys for Appellee

OPINION OF THE COURT

AMBRO, Circuit Judge:

Roger Pransky appeals the District Court's determination that he failed to initiate in a timely manner this adversary proceeding against the Internal Revenue Service, as required to invoke the Bankruptcy Court's jurisdiction pursuant to 26 U.S.C. S 6532(a)(1). Section 6532 sets a two-year statute of limitations to file suit in court when the IRS disallows a taxpayer's request for a tax refund. Because Pransky did not bring suit within S 6532's two-year window of opportunity following the IRS's disallowance of his refund requests for tax years 1984 and 1985, the District Court correctly held that the Bankruptcy Court did not have jurisdiction over Pransky's adversary proceeding as it pertains to those tax years. We therefore affirm the decision of the District Court in this regard and remand to permit the Bankruptcy Court to rule on the IRS's proof of claim, over which the Bankruptcy Court can properly exercise jurisdiction.

FACTUAL BACKGROUND

For tax years 1984 through 1987, Pransky did not file tax returns by the applicable due dates because he was under a criminal investigation at that time and feared that by providing certain information on the tax returns he might waive his Fifth Amendment right not to incriminate himself. His counsel advised him instead to remit money to the IRS

in an amount that would exceed any tax liability he might have. Following this advice, Pransky remitted sums of money for each of the taxable years in question, 1984 through 1987, with letters directing that the money was to be applied to any income tax liability that he might have for those years.

In 1991 Pransky finally filed tax returns for tax years 1984, 1985, and 1986, and in 1992 he filed his 1987 return. He elected on his 1984 through 1986 tax returns to apply overpayments from those years as credits to the taxes he owed for each succeeding year. The IRS interpreted the elections to credit the overpayments as requests for refunds, and there is no dispute over this characterization. We will refer to the requests for credits made on Pransky's 1984 and 1985 tax return forms as the "first requests."[1]

In 1992 the IRS disallowed the first requests as untimely under 26 U.S.C. S 6511(b)(2)(A), which, generally speaking, permits refunds of tax payments only if they were paid within the three-year period preceding the request. Pransky had remitted in 1986 and 1987 the money expected to cover his 1984 and 1985 taxes, respectively. These remittances were therefore made more than three years before 1991, when Pransky filed the pertinent returns.

The IRS did not send a notice of disallowance of Pransky's request to carry forward any overpayment from his 1986 taxes. As a result of the disallowances for the 1984 and 1985 tax years, however, Pransky had

deficiencies in his 1986 and 1987 taxes. In 1992, after Pransky received the disallowance notices for the 1984 and 1985 requested refunds, he again asked the IRS to credit the 1984 and 1985 overpayments to the 1986 and 1987 tax deficiencies ("second requests"). Pransky had made the first requests only by filling in a line on his tax forms that indicated that he elected to credit to subsequent years the amount of money he claimed in overpayments. The second requests included factual background and legal argument in support of the requested credits, contending whyS 6511 did not preclude them.

---

1. As we explain below, Pransky's request to carry forward his 1986 overpayment is not relevant to this case.

3

The IRS did not send notices of disallowance for the second requests. Instead, it applied $294,613 in overpayments from Pransky's 1991 through 1996 taxes to pay his 1986 and 1987 tax deficiencies as calculated without the 1984 and 1985 credits. Nonetheless, according to the IRS's calculations Pransky still owed money on his 1987 taxes.

PROCEDURAL HISTORY

In January 1997, Pransky filed a Chapter 11 bankruptcy petition. The next month, the IRS brought a proof of claim for Pransky's 1987 taxes in the amount of $131,237.02.

Pransky in April 1998 began an adversary proceeding against the IRS, seeking a determination of his tax liability for tax years 1984 through 1987. The Bankruptcy Court entered summary judgment in favor of Pransky, holding that he had paid his 1984 and 1985 taxes within the three-year period preceding his requests for refund for those years and therefore that S 6511 did not bar his recovery.2 The Bankruptcy Court did not address whether S 6532's two-year statute of limitations affected its jurisdiction to consider Pransky's 1984 and 1985 taxes.

The District Court did address this issue. It concluded that the Bankruptcy Court lacked jurisdiction over Pransky's 1984 and 1985 taxes because he had not, as required by S 6532, filed suit within two years from the date the IRS sent notices of disallowance for his refund requests for those years. The District Court also affirmed the Bankruptcy Court's holding that S 6511 did not preclude Pransky from obtaining refunds from the payments he made toward his 1986 and 1987 taxes because he had paid

---

2. The Bankruptcy Court reasoned that under Rosenman v. United States, 323 U.S. 658 (1945), and its progeny, the remittances Pransky made prior to the three-year period preceding his requests for refunds were deposits of money, not tax payments, and that Pransky paid his taxes for 1984 and 1985 when he filed his tax returns for those years

simultaneously with his requests for refunds from those taxes. Because S 6511 precludes refunds of taxes "paid" (but not money only "deposited") more than three years prior to the request for refund, the Court concluded that the statute did not bar Pransky's recovery.

those taxes within the three years preceding his requests for refunds. As the IRS points out, however, there was no reason for the District Court to reach this issue because, without the 1984 and 1985 credits, there were no overpayments from 1986 or 1987 to refund.3

The District Court remanded for the Bankruptcy Court to decide the IRS's proof of claim for Pransky's 1987 taxes. He timely appealed to this Court.

APPELLATE JURISDICTION

The IRS argues that we do not have jurisdiction over this case because the District Court's remand to the Bankruptcy Court does not constitute a final decision or order. The IRS is correct that we may review the District Court's decision only if it is "final," 28 U.S.C. S 158(d), but we conclude that it is such an order.

A district court order that affirms or reverses a final bankruptcy court decision in its entirety will generally qualify as a final order. Official Comm. of Unsecured Creditors of Life Serv. Sys., Inc. v. Westmoreland County MH/MR., 183 F.3d 273, 276 (3d Cir. 1999). When a district court remands a case to bankruptcy court, however,"the finality of the order is less clear." Id. at 277. Nonetheless, a remand that requires the bankruptcy court to perform only "ministerial" tasks does not detract from the finality of an otherwise appealable order. Id. ("If the bankruptcy court's actions will be 'purely ministerial in character,' such as computing prejudgment interest according to an undisputed rate and time period, then the remanded proceedings are unlikely to engender further appeals and the order is final.") (quoting In re Lopez , 116 F.3d 1191, 1192 (7th Cir. 1997)).

The District Court here affirmed in part and reversed in part the Bankruptcy Court's entry of summary judgment

---

3. Presumably the District Court addressed the effect of S 6511 on Pransky's 1986 and 1987 taxes but not his 1984 and 1985 taxes because the Court recognized that its holding as toS 6532 meant that Pransky could not obtain refunds for 1984 and 1985 regardless of the outcome of a S 6511 analysis.

and remanded for "re-determination of the debtor's tax liability consistent with this Opinion." Because the District Court held that the Bankruptcy Court did not have

jurisdiction over Pransky's 1984 and 1985 taxes (and rejected Pransky's recoupment and setoff arguments discussed below), the redetermination of Pransky's tax liability is, according to the District Court's decision, to take place without applying any credits from those years to Pransky's 1987 taxes.

Pransky's complaint raises only the issue whether he could carry forward his 1984 and 1985 tax overpayments,[4] and he asserts in his brief to our Court that the"parties raised all of their arguments concerning each side's potential liability in their motions for summary judgment." We therefore have no reason to believe that the redetermination on remand of Pransky's tax liability would involve anything other than mathematical calculations of the IRS's proof of claim. Such mathematical calculations are precisely the type of ministerial tasks that do not interfere with the finality of the district court's decision as required for appellate jurisdiction pursuant to§ 158(d). See Official Comm. of Unsecured Creditors of Life Serv. Sys., Inc., 183 F.3d at 277.

Even if a remand involves more than ministerial concerns, as we suppose is possible here, the decision of a district court may be sufficiently final to confer appellate jurisdiction if it "conclusively determined the question presented by th[e] appeal," F/S Airlease II, Inc. v. Simon, 844 F.2d 99, 105 (3d Cir. 1988) (citation omitted), and consequently presents the appellate court with a discrete question to review. Cf. In re Market Square Inn, Inc., 978 F.2d 116, 117 (3d Cir. 1992) (finding jurisdiction to review the question whether a lease was properly terminated, when the question whether it could be assumed would have to be addressed on remand); Wheeling-Pittsburgh Steel Corp. v. McCune, 836 F.2d 153, 158 (3d Cir. 1987) (exercising appellate jurisdiction although the District Court decided

_____

4. As do his 11 U.S.C. § 505(a) 120-day letters to the IRS (which a taxpayer must send to the IRS 120 days before filing suit in court in order to notify the IRS of the basis of suit).

only the "core" issue whether a company is a railroad). To determine whether we should exercise jurisdiction despite the possibility of a remand for more than ministerial functions, we consider four factors: (1) the effect of the disputed issue on the assets of the bankruptcy estate; (2) the necessity for additional fact-finding on remand; (3) the preclusive effect of this Court's decision on the merits of subsequent litigation; and (4) judicial economy. Buncher v. Official Comm. of Unsecured Creditors of GenFarm Ltd. P'ship IV, 229 F.3d 245, 250 (3d Cir. 2002); Wheeling-Pittsburgh Steel Corp., 836 F.2d at 158.

None of these four factors counsels against the assumption of appellate jurisdiction in this case. The District Court "conclusively determined" the question

presented on appeal: whether Pransky may apply to his 1987 taxes his 1984 and 1985 tax overpayments. The exercise of jurisdiction over this appeal will preclusively decide this discrete question that will have a significant effect on the assets of the bankruptcy estate. The IRS repeats the same two arguments in its discussion of each of the four factors. Rather than set forth a lengthy analysis as to each factor, we shall address the IRS's two main contentions.

First, the IRS points out that the District Court decided the issue whether S 6511 precludes Pransky from obtaining refunds on his 1986 and 1987 taxes even though the Court's earlier conclusion that the Bankruptcy Court did not have jurisdiction under S 6532 to reevaluate Pransky's 1984 and 1985 taxes made the S 6511 issue moot. The IRS urges us to remand the case in order to permit the Bankruptcy Court to clarify this point. Because we can just as properly clarify this legal issue, we shall not on this ground refuse to exercise our jurisdiction.

Second, the IRS expresses concern that on remand from this appeal Pransky might argue that he can recoup the 1984 or 1985 overpayments or offset them against his 1987 taxes. Pransky points out, however, that the District Court decided these questions, and we shall do so as well. Thus, if Pransky does raise either issue on remand, the IRS need only inform the Bankruptcy Court that this Court has already entered a preclusive ruling. Again, the IRS's

concern does not amount to a reason for us to deny jurisdiction over this appeal.

We therefore have jurisdiction pursuant to S 158(d) to decide this appeal from the District Court's final order. Accordingly, we proceed to the merits of the case.

DISCUSSION

In this appeal we "stand in the shoes" of the District Court and review the Bankruptcy Court's decision. In re Krystal Cadillac Oldsmobile GMC Truck, Inc., 142 F.3d 631, 635 (3d Cir. 1998). We review its findings of fact for clear error and its legal conclusions de novo. Id.

A. Section 6532(a)(1)'s two-year statute of limitations

The District Court held that the Bankruptcy Court did not have jurisdiction to consider Pransky's adversary complaint as it pertains to his 1984 and 1985 taxes because he did not file the complaint within S 6532(a)(1)'s two-year statute of limitations, which began to run on the date when the IRS sent notices of disallowance for Pransky's 1984 and 1985 tax refund requests. We agree.5

Section 6532 provides in relevant part that "[n]o suit . . . shall be begun . . . after the expiration of 2 years from the

date of mailing . . . by the Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates." 26 U.S.C. S 6532(a)(1). Pransky does not contend that he timely filed suit pursuant to S 6532 on the first requests for refund he made with the IRS. Nor could he successfully do so, as the IRS sent in 1992 disallowances for the first requests and Pransky did not bring the adversary proceeding until 1998, well beyond the two-year limitations period. He argues instead that S 6532's statute of limitations does not bar his lawsuit

_____

5. Because the IRS never sent a notice of disallowance for Pransky's 1986 taxes, there is no dispute that the Bankruptcy Court can exercise jurisdiction over the lawsuit as it pertains to those taxes. The Bankruptcy Court's consideration of Pransky's 1986 taxes will do him no good, however, unless he can carry forward his 1984 and 1985 overpayments because without such credits he has a deficiency on his 1986 taxes and therefore is left with nothing to credit to his 1987 taxes.

because the lawsuit relates to the second rather than the first requests he filed with the IRS. As he sees it, because the IRS never sent notices of disallowance for the second requests, no statute of limitations applies to a lawsuit based on those requests. See Rev. Rul. 56-381, 1956-2 C.B. 953 (clarifying that if the IRS does not mail a notice of disallowance, S 6532's two-year statute of limitations to file suit in court is never triggered).

The IRS responds that the second requests did nothing more than ask for reconsideration of the first requests and, as such, did not extend the limitations period begun when the IRS denied the first requests. Cf. S 6532(a)(4) (providing that reconsideration by the IRS of a claim it has previously disallowed does not extend the limitations period). Put another way, the IRS views the second requests as presenting the same claims, subject to the same limitations period, as the claims asserted in the first requests.

Section 6532's statute of limitations does operate to bar a lawsuit brought pursuant to a second request for a tax refund filed with the IRS if that request is substantially identical to a claim presented in an earlier request that the IRS disallowed more than two years before the taxpayer filed suit in court. Stratmore v. United States , 463 F.2d 1195, 1197 n.1 (3d Cir. 1972) (rejecting the contention that an "identical claim can be reasserted even though its administrative disallowance has become final"); L&H Co. v. United States, 963 F.2d 949, 951 (7th Cir. 1992) ("A taxpayer cannot enlarge Section 6532's two-year statute of limitations by refiling what is essentially the same claim that was rejected by the IRS."). If, however, the second request relies on different factual or legal grounds from those asserted in the first request, the second request (to the extent that it differs from the first) will be considered a different claim entitled to its own limitations period beginning when the IRS sends a denial for that claim. Id.

("A submission of a second claim may expand the limitations period where the second claim alleges grounds or theories for recovery which are different from those set forth in the first claim."); Huettl v. United States, 675 F.2d 239, 242 (9th Cir. 1982) ("If the second claim is based on different facts or legal theories from those contained in the

9

first, then the second claim may merit independent treatment from the statute of limitations.").

So the question we must decide is whether Pransky's first and second requests qualify as different claims for purposes of S 6532 because they relied on different factual or legal grounds.6 Pransky's second refund requests filed with the IRS set out five pages of factual and legal arguments not included in his first requests. Nonetheless, Pransky did not rely on different facts or legal theories in his second requests. The second but explained the factual and legal bases for the refunds he claimed in both requests. They added detail to the first requests, but the facts and legal theories on which Pransky sought relief had not changed. Thus, although the requests Pransky submitted did not look identical, the second requests are best characterized as motions for reconsideration of the first requests, or as reiterations of the same claims. See L&H Co., 963 F.2d at 951 ("[R]esubmission of an identical claim with an attachment adding an additional piece of evidence . . . does not constitute a new claim and does not warrant suspension of the original limitations period."); 18th St. Leader Stores, Inc. v. United States, 142 F.2d 113, 115-16 (7th Cir. 1944) (concluding that two claims were the same; although the second included four additional affidavits, the affidavits did not provide additional, useful information). And, importantly, the IRS denied the first requests on the same ground -- the S 6511 reasoning -- that Pransky explicitly argued in his second requests. See Huettl, 675 F.2d at 242 (holding that two requests presented the same

---

6. The IRS asserts that because the first and second requests asked for a refund of the same money (here, Pransky's 1984 and 1985 tax overpayments), they necessarily constituted the same claims, subject to the same statute of limitations. This cannot be the case, however, because (as we explained above) if two requests rely on different factual or legal grounds those requests qualify as different claims. This rule applies regardless whether the requests are for refunds of the same money. Cf. Carlson Realty Co. v. United States (In re Carlson), 384 F.2d 434, 440 (Ct. Cl. 1967) ("The fact that both claims ask for the same amount of refund does not make the two claims one and the same."). Indeed, there would be no point to the "different facts or grounds" rule were two claims necessarily the same if they requested refunds of the same money.

10

claim and noting that "the IRS disallowed the first claim on

the ground taxpayers urge it to reconsider in the second claim, that is, on the statute of limitations issue"); Union Commerce Bank v. United States, 638 F.2d 962, 963 (6th Cir. 1981) (reaching the same conclusion in part because the IRS had "considered the merits of the claim").

Pransky's adversary suit filed in 1998, to the extent it seeks consideration of his 1984 and 1985 tax liability, is therefore subject to S 6532's two-year limitations period, which began to run in 1992 when the IRS sent notices of disallowance for his first requests for refund. 7 Accordingly, it was not timely filed, and the District Court correctly held that the Bankruptcy Court did not have jurisdiction over Pransky's 1984 and 1985 taxes.

B. Setoff or equitable recoupment

Pransky further contends that regardless of the strictures imposed by S 6532, he may use his 1984 and 1985 tax overpayments to offset his 1987 tax deficiencies or may equitably recoup those tax overpayments by crediting them to his later deficiencies. The Bankruptcy Court concluded that Pransky could not proceed under a setoff theory, but did not discuss the doctrine of equitable recoupment. The District Court rejected both arguments, and we do as well.

1. Setoff. Although a bankruptcy court may generally use tax overpayments to offset a deficiency in a proof of claim filed by the IRS, it may do so only if each year at issue falls within "the Internal Revenue Code's time

_____

7. The Internal Revenue Manual requires the IRS to send a letter to a taxpayer whose request for reconsideration of a refund request is denied, informing the taxpayer of the denial and that the statute of limitations begun with the original disallowance remains unaffected by reconsideration. The IRS did not send letters to Pransky so informing him. He argues that this shows that his second requests state different claims from his first. Whether this is so, it is not sufficient evidence to alter the legal conclusion we have reached. Cf. Carlson v. United States, 126 F.3d 915, 922 (7th Cir. 1997) ("Procedures in the Internal Revenue Manual are intended to aid in the internal administration of the IRS; they do not confer rights on taxpayers."); Valen Mfg. Co. v. United States, 90 F.3d 1190, 1194 (6th Cir. 1996) (similar statement); Groder v. United States, 816 F.2d 139, 142 (4th Cir. 1987) (same).

11

requirements for refund of overpaid tax because the timeliness of a refund claim is jurisdictional." In re Custom Distribution Servs., Inc., 224 F.3d 235, 244 (3d Cir. 2000). Because, as we have just held, Pransky did not timely file suit to recover his 1984 and 1985 tax overpayments, the Bankruptcy Court does not have jurisdiction to offset those overpayments against his 1987 tax deficiencies.

2. Equitable recoupment. "[A] claim of equitable recoupment will lie only where the Government has taxed a single transaction, item, or taxable event under two

inconsistent theories." United States v. Dalm , 494 U.S. 596, 605 n.5 (1990) (citing Rothensies v. Electric Storage Battery Co., 329 U.S. 296, 299-300 (1946)). There is no inconsistency between the IRS's determination that Pransky could not receive credits from the overpayments made on his 1984 and 1985 taxes because he did not timely file requests for those credits pursuant to S 6511 and its separate determination that without such credits Pransky's payments on his 1987 taxes were deficient. See Diesel Performance, Inc. v. Commissioner, 2001 WL 881741, at * 1 (9th Cir. Aug. 3, 2001) (unpublished). Without such an inconsistency, the doctrine of equitable recoupment has no role to play here.

CONCLUSION

Having concluded that we have jurisdiction to hear this appeal because the District Court entered a final order, we hold pursuant to S 6532(a)(1) that the Bankruptcy Court did not have jurisdiction over Pransky's adversary proceeding as it pertains to his 1984 and 1985 taxes. Because of this holding and because without carrying forward Pransky's overpayments from those tax years Pransky had deficiencies on his 1986 and 1987 taxes, there is no reason for us to consider in this case (nor was there reason for the District Court or the Bankruptcy Court to consider) the applicability of S 6511 to Pransky's requests with the IRS for refunds from his 1984 through 1987 taxes. Finally, the doctrines of setoff and equitable recoupment do not avoid S 6532's statute of limitations bar in this case. We therefore remand for the Bankruptcy Court to decide the

12

IRS's proof of claim without regard to the overpayments Pransky made on his 1984 and 1985 taxes.

A True Copy:
Teste:

　　　Clerk of the United States Court of Appeals
　　　for the Third Circuit

13