**In re Roger PRANSKY, Debtor.**

**Roger Pransky, Plaintiff,**

**v.**

**Internal Revenue Service, Defendant.**

**Bankruptcy No. 97–20528 RTL.
Adversary No. 98–2244.**

United States Bankruptcy Court,
D. New Jersey.

Feb. 10, 2004.

Michael Saltzman, Timothy Mulvey, White & Case, LLP, New York City, Special Tax Counsel for the Debtor.

James J. Wilkinson, Trial Attorney, Tax Division, U.S. Department of Justice, Washington, DC, Counsel for the Internal Revenue Service.

## OPINION

RAYMOND T. LYONS, Bankruptcy Judge.[1]

Presently before the court is a dispute surrounding the computation of the debtor's tax liability for tax years 1986 and 1987. The District Court remanded the matter to the Bankruptcy Court following a decision by the Third Circuit Court of Appeals. *In re Pransky*, 318 F.3d 536 (3d Cir.2003). The Circuit affirmed the District Court's holding that refunds for 1984 and 1985 were barred by the statute of limitations, and directed that on remand the Bankruptcy Court should determine the validity of the IRS's proof of claim. As discussed in further detail below, the court finds that the IRS's computations of the debtor's tax liability for tax years 1986 and 1987 are correct, except that an explanation of the computation of the failure to file penalty for 1986 is required.

### FACTS [2]

The debtor, Roger Pransky filed a voluntary Chapter 11 petition on January 15, 1997. The IRS filed a proof of claim on February 27, 1997 asserting that the debtor owed $131,237.02 in income taxes for the year 1987.[3] The debtor initiated an adversary proceeding on April 13, 1998 seeking a determination of his tax liability for tax years 1984 through 1987. The parties filed cross-motions for summary judgment on the issue of whether or not this court had jurisdiction over the debtor's tax years at issue. This court found it had jurisdiction, on appeal, however, the

---

1. This case was previously assigned to the Honorable William H. Gindin, U.S.B.J., who retired from the bench effective January 17, 2004. Accordingly, the case was reassigned to Raymond T. Lyons, U.S.B.J.

2. For a more detailed discussion of the facts, see *In re Pransky*, 318 F.3d 536 (3d Cir.2003); *Internal Revenue Service v. Pransky*, 261 B.R.

380 (D.N.J.2001); and *In re Pransky*, 245 B.R. 478 (Bankr.D.N.J.1999).

3. This sum is broken down into a tax balance of $2,183.28, $34,650.15 in penalties, and $94,403.59 in interest for a total proof of claim in the amount of $131,237.02.

District Court reversed and found the Bankruptcy Court did not have jurisdiction over the debtor's refund claims for tax years 1984 and 1985 due to the statute of limitations as set forth in 26 U.S.C. § 6532(a). *Internal Revenue Service v. Pransky*, 261 B.R. 380 (D.N.J.2001). The Court of Appeals affirmed the District Court's ruling, and held that Pransky's refund claims for tax years 1984 and 1985 were barred by the statute of limitations. The case was remanded to the Bankruptcy Court for a determination of the debtor's tax liability for tax years 1986 and 1987, "without regard to the overpayments Pransky made on his 1984 and 1985 taxes." *In re Pransky*, 318 F.3d at 545. Even though his refund claims for 1984 and 1985 are barred, the debtor asserts the IRS owes him a net refund in the amount of $359,295.16. The IRS asserts that Pransky owes $131,237.02 for tax year 1987, and that Pransky has a nominal balance of $0.01 due for tax year 1986.[4]

### DISCUSSION

■■■ The Bankruptcy Code provides that a proof of claim filed pursuant to 11 U.S.C. § 501 is "deemed allowed, unless a party in interest ... objects." 11 U.S.C. § 502. An uncontested claim constitutes *prima facie* evidence of the validity and amount of the claim. Fed. R. Bankr.P 3001(f). The party objecting to the claim bears the initial burden of overcoming the prima facie validity of the claim. In a dispute surrounding a proof of claim filed by a taxing authority, the taxpayer bears the burden of establishing error by the taxing authority, because, "it is well established in the tax law that an assessment is entitled to a legal presumption of correctness." *U.S. v. Fior D'Italia, Inc.*, 536 U.S. 238, 242, 122 S.Ct. 2117, 153 L.Ed.2d 280

(2002) *citing, U.S. v. Janis*, 428 U.S. 433, 440, 96 S.Ct. 3021, 49 L.Ed.2d 1046 (1976), *see also, In re Thinking Machines*, 203 B.R. 1 (Bankr.D.Mass.1996). In this case, Pransky as both the taxpayer and the party objecting to a claim bears the burden of persuasion.

The difference between the proof of claim filed by the IRS and the refund claimed by the debtor for tax years 1986 and 1987 stem from the following four issues:

1. Did the IRS correctly assess and compute penalties for tax years 1986 and 1987?

2. Is Pransky entitled to netting the overpayment and underpayment interest in accordance with 26 U.S.C. § 6621(d)?

3. Did Pransky make an additional estimated tax payment of $15,000 for tax year 1986? and

4. Is Pransky entitled to an abatement of interest in accordance with 26 U.S.C. § 6404?

### I. Did the IRS correctly assess and compute penalties for tax years 1986 and 1987?

#### A. Penalties for tax year 1986

For tax year 1986, the IRS assessed penalties totaling $95,648.00. The penalties are broken down as follows: a failure to timely file penalty of $77,900, a failure to timely pay tax penalty of $12,531, and a failure to pay estimated tax penalty of $5,217.

#### B. Penalties for tax year 1987

For tax year 1987, the IRS assessed penalties totaling $34,634. The 1987 penalties are broken down as follows: $14,867 as a late filing penalty, $16,519 as a failure

---

4. Although taxes, penalties and interest were assessed for 1986 the amount due was reduced by credits from later years applied to 1986 by the IRS.

to pay tax penalty, and $3,248 as a failure to pay estimated tax penalty.

A significant difference in the overall calculations between the debtor and the IRS is that the debtor did not include penalties for 1986 and 1987, where the IRS has. Pransky alleges several procedural and substantive deficiencies in the IRS's penalty computations.

### C. *Procedural Deficiencies*

Procedurally, Pransky questions the computation of penalties for tax year 1986; and asserts the penalties for 1986 and 1987 were not previously assessed by the IRS, and accordingly cannot be assessed at this time.

#### 1. *1986 Penalty Computations*

For tax year 1986, Pransky's return was initially due on April 15, 1987. Pransky was granted two extensions to file, thereby extending his filing date to October 15, 1987. The parties agree that Pransky's tax liability was $396,224 as of April 15, 1987 as shown on his return. As evidenced by the debtor's 1986 W–2, Pransky had withholding tax of $50,000. On July 13, 1987, Pransky remitted $315,000 towards his 1986 tax liability. As of July 13, 1987, Pransky's tax liability for 1986 was $31,224.[5] Pransky argues that the IRS incorrectly assessed the delinquent penalty for 1986 for five months, from April 15, 1987 through September 15, 1987. Pransky asserts the penalty should only be assessed on the remaining balance as of the expiration of the extension date, in accordance with 26 U.S.C. § 6651(b)(1).

In the debtor's memorandum he recognizes that "this court determined that a failure to timely file penalty should be imposed for 1986." The IRS argues that since this court previously held that the penalties were properly assessed, and the debtor failed to appeal that aspect of the prior ruling, the debtor is barred from relitigating the issue at this point. As stated by the District Court, "the Bankruptcy Court sustained the imposition of delinquency penalties because the debtor failed to timely submit the remittances in question." *Internal Revenue Service v. Pransky*, 261 B.R. 380, 384 (D.N.J.2001). Although this issue was not raised on appeal, the remand requires this court to determine the tax claims for 1986 and 1987. The details of the IRS's calculations of the failure to file penalties have not been provided. The court directs the IRS to supplement the record by showing how it determined the failure to file penalty for 1986 giving effect to the extensions to file, the $50,000 withholding and the $315,000 payment on July 13, 1987.

#### 2. *Penalties previously raised/assessed by the IRS*

Regarding the penalties imposed by the IRS for both 1986 and 1987, the debtor asserts the IRS previously raised only the failure to file penalty and any other penalties added were never raised and cannot be assessed now. This is factually incorrect. The IRS submitted computations detailing the transactions relating to the government's calculation of Pransky's tax obligations. For tax year 1986, the late filing penalty, the estimated tax penalty and the failure to pay tax penalty were all assessed on February 24, 1992.[6] For tax

---

**5.** $396,224—[$50,000 withholding tax]—[$315,000 remittance] = $31,224. Although, Pransky asserts that as of July 13, 1987, the only amount that could be subject to penalty is $16,000, his calculations incorrectly account for an additional estimated payment of $15,000 which, as discussed later in this opinion, is not available.

**6.** Exhibit 1 to Declaration of Stewart Sherman, Docket No. 53. Exhibit 1 lists

year 1987, the late filing penalty, the failure to pay tax penalty and the estimated tax penalty were all assessed on September 28, 1992.[7] Between February 24,1992 and September 28, 1992, the IRS imposed all of the penalties at issue. The debtor initiated this adversary proceeding in 1998, six years after the penalties were assessed. Therefore, the penalties at issue cannot be new, as they were all previously assessed by the IRS, as evidenced by the submissions.

The court finds the penalties for 1986 and 1987 were correctly assessed by the IRS, except for the failure to file penalty for 1986. The IRS is directed to submit its computation of the failure to file penalty for tax year 1986.

### D. *Substantive Deficiencies*

Substantively, the debtor asserts that penalties cannot be assessed under 26 U.S.C. § 6651 because 1) the debtor reasonably believed he need not file a tax return, and 2) no net tax was due from which a penalty could be computed. Underlying the debtor's substantive objections to the IRS's calculations is the premise that he can defensively utilize the overpayments from tax years 1984 and 1985 to negate the penalties assessed by the IRS for the 1986 and 1987 tax years.

10/15/1987 as the date the late filing penalty for tax year 1986 was assessed. As explained in n. 1 of the Declaration of Stewart Sherman, the late filing penalty was assessed on 2/24/1992, and it is dated as of 10/15/1987 because that is when the return was due.

**7.** See Docket No. 53. Exhibit 6 lists 4/15/1988 as the date the late filing penalty for tax year 1987 was assessed. Just as above, however, the penalty was assessed on 9/28/1992, and is dated 4/15/1988 since that is the date the return was due. [See n. 2, Declaration of Stewart Sherman].

■ 26 U.S.C. § 6651(a)[8] provides that a taxpayer who fails to timely file a tax return without reasonable cause and due to willful neglect is liable for a penalty equal to a percentage of the amount of tax due. The debtor correctly argues that there are two pre-requisites for assessing the failure to timely file penalty: whether the taxpayer intentionally failed to file the delinquent return, and whether there is a net amount of tax due. Pransky argues that neither pre-requisite was present.

### 1. *Reasonable Cause*

■ Pransky states that he had reasonable cause for failing to file his returns for 1986 and 1987. He explains that the invocation of his Fifth Amendment privilege in the criminal actions against him resulted in his failure to file. This court previously discussed reasonable cause in relation to Pransky's assertion of the Fifth Amendment and found that Pransky did not establish reasonable cause for failing to file his tax returns. As discussed in this court's earlier opinion,

[t]he filing of a tax return is mandatory. The Fifth Amendment does not excuse an individual from this obligation....

In the instant case, debtor asserts that [his] failure to file timely tax returns was the result of reasonable cause and not of willful neglect, entitling [him] to a

**8.** 26 U.S.C. § 6651. Failure to file tax return or to pay tax.

(a) Addition to the tax. In case of failure—
(1) to file any return ..., unless it is shown that such failure is due to reasonable cause and not due to wilful neglect, there shall be added to the amount required to be shown as tax· on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional five percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate; ...

refund of the penalties and interest assessed by the IRS. This court disagrees. . . .

Reasonable cause under § 6651 requires a debtor to demonstrate that he "exercised ordinary business care and prudence" but nevertheless was "unable to file a return within the prescribed time." *In re Pransky*, 245 B.R. 478, 486 (Bankr. D.N.J.1999), *citing, U.S. v. Sullivan*, 274 U.S. 259, 263, 47 S.Ct. 607, 71 L.Ed. 1037 (1927); *U.S. v. Boyle*, 469 U.S. 241, 245–46, 105 S.Ct. 687, 83 L.Ed.2d 622 (1985).

Accordingly, because the bankruptcy court already analyzed the reasonable cause provisions of § 6651 in relation to the penalties assessed by the IRS, and the issue was not raised on appeal, this court's conclusion that the debtor failed to establish reasonable cause remains the law of the case. *See, Frank v. Colt Industries, Inc.*, 910 F.2d 90, 100 (3d Cir.1990).

### 2. *Net balance of tax due for 1986*

■ Next, the debtor asserts that no penalty is due for 1986, because no net tax is due. This argument, too is unpersuasive. Pransky argues that the failure to file penalty for 1986 should be zero because no net tax was due on October 15, 1987. As discussed earlier, Pransky received extensions to file his 1986 return, thereby extending his filing date to October 15, 1987. For tax year 1986, the parties agree that based on Pransky's tax return, his tax was $396,224. His withholdings for 1986 totaled $50,000, and on July 13, 1987, Pransky remitted a payment of $315,000. Accordingly, by October 15, 1987, the date Pransky's extensions to file expired, he owed $31,224 in taxes, exclusive of interest and penalties.

The debtor argues that his overpayment from 1984 of $15,539.22 should be deducted from the tax owed for 1986 as of April 15, 1987, and that the overpayment from tax year 1985 totaling $36,294.16 should be deducted from his tax obligations for 1986 as of July 8, 1987. Deducting the overpayments for 1984 and 1985, Pransky asserts he owed no tax for 1986 on which a penalty could be assessed. Pransky argues he can use the 1984 and 1985 overpayments defensively, and that he is not seeking a credit or a refund from these tax years. The debtor's position is dependent upon whether, in accordance with the Third Circuit's opinion, he can use the 1984 and 1985 overpayments defensively.

### 3. *Defensive use of 1984 and 1985 overpayments*

Pransky cites 26 U.S.C. § 6651(b)(1) and two cases in support of his argument that he can use the 1984 and 1985 overpayments defensively. Section 6651(b)(1) provides;

Penalties imposed on amount due. For purposes of—subsection (a)(1), the amount of tax required to be shown on the return shall be reduced by the amount of any part of the tax which is paid on or before the date prescribed for payment of the tax and by the amount of any credit against the tax which may be claimed on the return.

26 U.S.C. § 6651(b)(1).

The debtor asserts that to compute the net penalty due under § 6651(b)(1) his remittances, payments and available credits are to be subtracted from the tax owed. Since the 1984 and 1985 overpayments were included on the 1986 tax return, the debtor asserts they, too should be included in the penalty computation. The debtor argues this is not an offset, credit or refund of the 1984 and 1985 overpayments, rather the debtor seeks to utilize the overpayments merely to reduce the net tax for purposes of penalty calculations.

The court disagrees with Pransky's interpretation of the statute. By the plain language of the statute, the debtor's tax liability for 1986 may be reduced by "the amount of any credit against the tax which may be claimed on the return." 26 U.S.C. § 6651(b)(1). That the debtor listed his overpayments for 1984 and 1985 on his tax return for 1986 does not mean that he is entitled to a credit from the 1984 and 1985 overpayments. The District Court held that pursuant to 26 U.S.C. § 6532(a), the Bankruptcy Court could not properly exercise jurisdiction over the debtor's suit relating to the 1984 and 1985 tax years. Accordingly, the debtor may not subtract the 1984 and 1985 overpayments from his 1986 taxes, since they are not credits to which the debtor is entitled.

Next, Pransky cites *Lewis v. Reynolds*, 284 U.S. 281, 52 S.Ct. 145, 76 L.Ed. 293 (1932), as supporting the theory that defensive use of time-barred items is allowed under equitable principles. "Although the statute of limitations may have barred the assessment and collection of any additional sum, it does not obliterate the right of the United States to retain payments already received when they do not exceed the amount which might have been properly assessed and demanded." *Id.* at 283, 52 S.Ct. 145.

The debtor's attempt to rely on equities is misplaced. As the District Court stated, "[w]hen statutes of limitations on filing requirements are jurisdictional, 'non-compliance bars an action regardless of the equities in a given case.'" *Internal Revenue Service v. Pransky*, 261 B.R. 380, 389 (D.N.J.2001) *quoting, Becton Dickinson & Co. v. Wolckenhauer*, 215 F.3d 340, 344 (3d Cir.2000). Pransky's right to challenge the IRS's assessment of his 1984 and 1985 tax obligations is barred by the statute of limitations as provided in 26 U.S.C. § 6532(a). The court is bound by jurisdictional requirements and cannot override them through the use of equitable powers.

Additionally, Pransky cites to *Union Pacific R.R. v. U.S.*, 182 Ct.Cl. 103, 389 F.2d 437 (1968), for the proposition that although the statute of limitations may have expired, a taxpayer is entitled to a redetermination of tax liability, because the statute of limitations bars solely the *assessment* and *collection* of additional tax. The *Union Pacific* case, however addressed the statute of limitations in the context of offsetting. In the *Pransky* case, on appeal, the Third Circuit clearly held that setoff was not available for Pransky. "Because, as we have just held, Pransky did not timely file suit to recover his 1984 and 1985 tax overpayments, the Bankruptcy Court does not have jurisdiction to offset those overpayments against his 1987 tax deficiencies."[9] *In re Pransky*, 318 F.3d 536 (3d Cir.2003).

Accordingly, *Union Pacific* is distinguishable, and the conclusion of the Third Circuit clearly provides that Pransky cannot offset his 1987 tax deficiencies by using his overpayments for 1984 and 1985.

The debtor attempts to read the Circuit's opinion as denying him any *credit* or *refund*. He asserts, however, that he can use the overpayments to reduce his tax liability to zero, which would then eliminate a balance from which penalties could be assessed. Permitting Pransky to reduce his tax liability for 1986 and 1987

---

9. The Court of Appeals held that since the statute of limitations expired on Pransky's ability to challenge his 1984 and 1985 taxes, his obligations for tax year 1987 could not include consideration of his overpayments for 1984 and 1985. *In re Pransky*, 318 F.3d 536 (3d Cir.2003). It follows that the determination of penalties for tax year 1986 must also be made without consideration of any overpayments for 1984 and 1985.

through the use of his 1984 and 1985 overpayments is equivalent to "reducing his tax deficiencies" for those years, which was clearly barred by the Third Circuit.

The Court of Appeals and the District Court were specific in their mandate that the 1986 and 1987 tax liability should be determined without consideration of the 1984 and 1985 overpayments, since the bankruptcy court has no jurisdiction in light of the time constraints imposed by 26 U.S.C. § 6532. Pursuant to the directives of the higher courts, the payments Pransky made on his 1984 and 1985 taxes are not available credits, and therefore they cannot be utilized as credits nor to offset or reduce his tax liabilities, even for the sole purpose of reducing or redetermining the interest and penalty computations.

The debtor's argument that no net tax was due for 1986 from which a penalty could be assessed is meritless. Moreover, the debtor's reliance on *Lewis, Union Pacific,* and 26 U.S.C. § 6651(b)(1) is misplaced in light of the ruling by our Circuit Court of Appeals.

## II. Interest Netting

██ Pransky asserts he is entitled to interest netting on his 1987 tax obligations, in accordance with 26 U.S.C. § 6621(d), which provides, in relevant part:

Elimination of interest on overlapping periods of tax overpayments and underpayments. To the extent that, for any period, interest is payable under subchapter A and allowable under subchapter B on equivalent underpayments and overpayments by the same taxpayer of tax imposed by this title, the net rate of interest under this section on such amounts shall be zero for such period.

26 U.S.C. § 6621(d).

Section 6621(d) became effective upon its enactment on July 22, 1998. *Federal*

*National Mortgage Assoc. v. U.S.,* 56 Fed. Cl. 228 (Fed.Cl.2003). The statute generally applies to overlapping periods of interest "beginning after July 22, 1998." Rev. Proc. 99–43, 1999–47 I.R.B. 579, 580, 1999 WL 1019050. An uncodified special rule, however, makes its application retroactive, and provides,

SPECIAL RULE—Subject to any applicable statute of limitation not having expired with regard to either a tax underpayment or a tax overpayment, the amendments made by this section shall apply to interest for periods beginning before the date of the enactment of this Act if the taxpayer—

(A) reasonably identifies and establishes periods of such tax overpayments and underpayments for which the zero rate applies; and

(B) not later than December 31, 1999, requests the Secretary of the Treasury to apply section 6621(d) of the Internal Revenue Code of 1986, as added by subsection (a), to such periods.

Section 3301(c)(2) of P.L. 105–206, as amended by § 4002(d) of P.L. 105–277. In accordance with the special rule, "the net interest rate of zero in 6621(d) also applies to interest for periods beginning before July 22, 1998, provided certain conditions are met." Rev. Proc. 99–43. "Among these conditions is a requirement that a taxpayer request the application of 6621(d) by December 31, 1999." Rev. Proc. 99–43. Pransky complied with this condition by requesting application of interest netting by letter dated December 29, 1999.

A second condition for retroactive application of § 6621(d) requires the taxpayer to "reasonably identify periods" of tax overpayments and underpayments. Pransky asserts that the overlapping period of interest accruing on overpayments and underpayments began on December 11, 1991, the date he filed his 1984 and 1985 tax

returns. According to the government's submissions, interest began to accrue on Pransky's tax liability for 1987 on June 30, 1988. The debtor acknowledges that not all of the interest owed for tax year 1987 overlapped with the overpayments from 1984 and 1985. Interest accrued on Pransky's 1987 tax liability before his overpayments for 1984 and 1985 began accruing interest. Accordingly, the interest owed the debtor and the interest owed the IRS only overlapped as of December 11, 1991. Pransky recognizes that interest netting, if available at all, is only available as of December 11, 1991, and asserts that the concurrent period of tax overpayment and tax underpayment interest began on December 11, 1991 and runs until July 7, 2003, the date to which Pransky's submitted calculations run.

Pransky asserts that while he cannot be refunded for the 1984 and 1985 overpayments, those overpayments should be used to compute interest. Pransky overpaid his 1984 and 1985 taxes, and underpaid his 1987 taxes. Since interest ran on both his overpayment and underpayment concurrently, Pransky asserts § 6621(d) relieves him of owing any interest at all. According to the debtor's interpretation of § 6621(d), for interest netting to apply, the statute of limitations on either the overpayment or the underpayment must be open. Although the statute of limitations is not open on Pransky's overpayments for 1984 and 1985, the statute of limitations on his underpayment for 1987 is open. Therefore, Pransky contends that he is entitled to a zero net rate of interest for 1987 beginning on December 11, 1991. The debtor cites to *Federal National Mortgage Assoc. v. U.S.*, 56 Fed.Cl. 228 (Fed.Cl.2003) in support of his position.

*Federal National Mortgage Assoc.* is distinguishable because there the court allowed interest netting of overpayment interest *owed to* and *paid to* the taxpayer by the IRS, against underpayment interest *owed from* and *paid by* the taxpayer to the IRS. In *Federal National Mortgage Assoc., infra.,* interest on overpayments and underpayments were available, had already accrued, and had been paid by both the IRS and the taxpayer. Whereas, in Pransky's case, the IRS does not owe the taxpayer interest on the overpayments for 1984 and 1985 because the statute of limitations expired for those years. There exists no interest on an overpayment to net the interest owed on the debtor's 1986 and 1987 tax liabilities.

As the Third Circuit explained,

The District Court also affirmed the Bankruptcy Court's holding that [26 U.S.C.] § 6511 did not preclude Pransky from obtaining refunds from the payments he made toward his 1986 and 1987 taxes because he had paid those taxes within three years preceding his requests for refunds. As the IRS points out, however, there was no reason for the District Court to reach this issue because, without the 1984 and 1985 credits, there were no overpayments from 1986 or 1987 to refund.

*In re Pransky,* 318 F.3d 536, 540 (3d Cir. 2003).

It logically follows that if there are no overpayments from 1984 and 1985 to refund, then there can be no interest accruing that would be available for netting.

## III. $15,000 estimated payment for tax year 1986

The debtor alleges that an additional $15,000 should be deducted from his tax liability for tax year 1986 for an estimated tax payment made by him but not credited by the IRS. On page 2 of the debtor's 1986 tax return, line 57 lists "1986 estimated tax payments and amount applied from 1985 return." The total amount on line 57 is $410,434. The debtor correctly acknowl-

edges that the 1985 return is no longer applicable in accordance with the Third Circuit's opinion. Therefore, subtracting the amount of the 1985 overpayment of $80,434 and subtracting the estimated tax payment of $315,000, leaves the debtor with an additional estimated tax payment of $15,000.

Although this is reflected on the debtor's 1986 tax return, the IRS has no evidence of an additional $15,000 estimated tax payment made by Pransky for the 1986 tax year. The taxpayer bears the burden of establishing that he made the payment. *Janis,* 428 U.S. at 440, 96 S.Ct. 3021. Since the debtor failed to submit a receipt or a cancelled check, he has failed to meet his burden of establishing that he made the payment.

### IV. Abatement of Interest

The debtor argues abatement is warranted pursuant to 26 U.S.C. § 6404, which provides, that interest may be abated when it is "attributable in whole or in part to any unreasonable error or delay by an officer or employee of the IRS ... in performing a ministerial or managerial act ..." 26 U.S.C. § 6404. The debtor argues that a significant amount of interest was improperly assessed by the IRS.

The error that Pransky alleges is the failure by the IRS to treat Pransky's remittances as payments and to preclude Pransky from carrying the amounts forward to the next year. This, however, was not an IRS error subject to abatement. Any error in not carrying overpayments forward must be born by the debtor, due to his failure to seek refunds for tax years 1984 and 1985 within the statutory time frame imposed by 26 U.S.C. § 6532. Pransky bore the burden of challenging the IRS's denial to carry the 1984 and 1985 payments forward to later years. His failure to do so is not the result of a mistake by the IRS.

### CONCLUSION

In accordance with the above discussion, the court concludes that:

1. Except for providing a detailed calculation for the failure to file penalty for 1986, the IRS correctly assessed and computed penalties for the debtor's 1986 and 1987 tax obligations,

2. The debtor is not entitled to interest netting pursuant to 26 U.S.C. § 6621(d),

3. The debtor failed to establish an additional estimated tax payment of $15,000 for 1986, and

4. An abatement of interest in accordance with 26 U.S.C. § 6404 is not warranted.

The IRS is **HEREBY ORDERED** to submit to the court and serve on the debtor a detailed calculation of the failure to file penalty for tax year 1986 within fifteen days of the date herein together with a proposed form of judgment. The debtor shall have five days from the date of service to object to the calculation or the form of order.