NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
———

No. 11-1496
———

IN RE: MACHNE MENACHEM, INC.,
Debtor

v.

YAAKOV SPRITZER,
Appellant

———

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3-10-cv-00765)
District Judge:  Honorable A. Richard Caputo

———

Submitted Under Third Circuit LAR 34.1(a)
November 16, 2011

———

Before: FUENTES, CHAGARES, Circuit Judges,
and RESTANI,[*] Judge

(Filed: January 03, 2012)

———

OPINION OF THE COURT

RESTANI, Judge.

---

[*]  Honorable Jane A. Restani, Judge of the United States Court of International Trade, sitting by designation.

Appellant Yaakov Spritzer ("Spritzer") appeals a District Court judgment affirming a Bankruptcy Court's conclusion that $286,000 in advances made by Spritzer to Debtor Machne Menachem, Inc. ("Machne") between March 1997 and October 2002 were not loans. See In re Machne Menachem, Inc., 425 B.R. 749, 754 (Bankr. M.D. Pa. 2010), aff'd, 2011 U.S. Dist. LEXIS 18026, at *12 (M.D. Pa. Feb. 18, 2011). Spritzer argues the checks he wrote to Machne were loans, and not donations, and therefore his allowable bankruptcy claim should be increased by $286,000. For the following reasons, we will affirm the District Court's judgment.

Because we write for the parties, we recount only the essential facts and procedural history.[1] Machne is incorporated under the New York Not-For-Profit Corporation law to run a summer camp for children. The Machne board of directors for the relevant time period consisted of Yosef Goldman, Shmuel Heber, Mendel Hershkop, and Spritzer. On March 17, 1997, Goldman, Heber, and Hershkop, acting as the board of directors of Machne, passed a corporate resolution prohibiting Spritzer from undertaking further activities on behalf of Machne ("Machne Resolution").[2] In July 1997, Spritzer obtained a permanent injunction prohibiting directors Goldman, Heber, and Hershkop "from interfering, in any way, with the administration of the affairs of the . . . camp, including

---

[1] Additional facts can be found in Machne Menachem, Inc. v. Hershkop, 237 F. Supp. 2d 227, 228–39 (E.D.N.Y. 2002).

[2] The Machne Resolution and the related corporate minutes are not included in the record. The parties, however, do not dispute the material facts relating to the Machne Resolution.

the maintenance of bank accounts . . . ." ("Permanent Injunction").  Despite the Machne

Resolution, Spritzer continued to operate the Machne summer camp through October

2002.  During his time as a director of Machne, Spritzer wrote multiple checks from his

personal bank account to Machne.  In 2001, Machne filed for bankruptcy.

Spritzer filed a proof of claim with the Bankruptcy Court, stating his checks,

totaling $1,012,454, represented monies loaned to Machne and entitled Spritzer to

treatment as one of Machne's creditors.  Machne objected to the claim, arguing, inter alia,

that there was insufficient documentation of indebtedness, Machne never authorized the

debt, and the services were done without expectation of payment.  The Bankruptcy Court

limited Spritzer's claim to $76,000, finding there was insufficient evidence that the

parties intended to create a loan beyond this amount.  In re Machne Menachem, Inc., 425

B.R. at 754, 756–57.  The Bankruptcy Court relied in part on the Machne Resolution

prohibiting Spritzer from undertaking additional activities on behalf of Machne as of

March 17, 1997, and characterized all checks issued after this date as donations.  Id. at

753–54.  The District Court affirmed the Bankruptcy Court's opinion.  In re Machne

Menachem, Inc., 2011 U.S. Dist. LEXIS 18026, at *12.  Spritzer's current appeal relates

to checks written after March 17, 1997, totaling $286,000.

We have jurisdiction to review a final order of a district court pursuant to 28

U.S.C. §§ 158(d)(1) and 1291.  This court exercises plenary review over final decisions of

a district court when the district court sits as an appellate court reviewing the decisions of

a bankruptcy court.  Rhett v. Carnegie Ctr. Assocs. (In re Carnegie Ctr. Assocs.), 129

3

F.3d 290, 294 (3d Cir. 1997). We "stand in the shoes" of the district court and review the bankruptcy court's factual findings for clear error and its legal conclusions de novo. Internal Revenue Serv. v. Pransky (In re Pransky), 318 F.3d 536, 542 (3d Cir. 2003). The determination of whether an advance is debt or equity is a question of fact that we review for clear error. Cohen v. K.B. Mezzanine Fund II (In re SubMicron Sys. Corp.), 432 F.3d 448, 457 (3d Cir. 2006).

As part of its equitable powers, a bankruptcy court may "recharacterize" an advance as debt or equity when determining the amount of a creditor's claim. Id. at 454. "[T]he determinative inquiry in classifying advances as debt or equity is the intent of the parties as it existed at the time of the transaction." Id. at 457. Although this case involves an advance to a non-profit corporation, as opposed to an advance to a for-profit corporation as in SubMicron Systems, the intent of the parties at the time of the transaction remains the determinative issue. In determining the intent of the parties, courts may infer "from what the parties say in their contracts, from what they do through their actions, and from the economic reality of the surrounding circumstances." Id. at 456. Although the label given to a transaction by a party is a factor, it does not outweigh what the parties actually intended or how they acted. See id. ("[T]he characterization as debt or equity is a court's attempt to discern whether the parties called an instrument one thing when in fact they intended it as something else.").

Here, the Bankruptcy Court analyzed the intent of the parties under SubMicron Systems and determined Spritzer's advances to Machne made after the Machne

4

Resolution were not loans.  In re Machne Menachem, Inc., 425 B.R. at 752–54.  We find

the Bankruptcy Court's determination is not clearly erroneous and thus affirm that

advances made after March 17, 1997 were not loans.

Spritzer relies on deposit slips and checks written from Spritzer to Machne, some

with "loan" written on them, as evidence that the checks were loans.[3]  Spritzer provides

no additional evidence to demonstrate an expectation of repayment, such as a

contemporaneous written instrument indicating the due date, repayment schedule, or

default date of the purported loan.  Thus, there is no written instrument for the court to

analyze and determine whether the terms suggest an expectation of repayment.

Moreover, Spritzer provides no evidence of intent on behalf of Machne to accept

or authorize the purported loans, such as a resolution from the board of directors, or

evidence that the board was aware of the loans.  Spritzer argues that he, as the sole board

member not barred from camp administration by the Permanent Injunction, had to be

authorized to accept the loan on behalf of Machne.[4]  It would be unreasonable to interpret

---

[3] Spritzer argues the Bankruptcy Court found that the notation of "loan" on deposit slips was sufficient contemporaneous written evidence of a loan.  In a finding not appealed to this court, the Bankruptcy Court found some of the advances made prior to the Machne Resolution of March 17, 1997 were supported by written evidence showing an intent to establish a loan.  In re Machne Menachem, 425 B.R. at 757.  We do not opine on whether such scant notation is sufficient to evidence an actual loan under the facts that existed before March 17, 1997.  For advances made after the Machne Resolution of March 17, 1997, which are at issue here, the Bankruptcy Court found no intent to create a loan obligation between Spritzer and Machne, despite any "loan" notations.

[4] Spritzer argues the crux of the appeal is whether a permanent injunction trumps a prior conflicting corporate resolution.  Spritzer's characterization of the appeal is

(continued...)

the Permanent Injunction as authorizing Spritzer to both make the loan to Machne and

accept the loan on Machne's behalf because New York law prohibits such self-dealing,

unless, at a minimum, the board of directors is informed of the material facts of the

transaction. N.Y. Not-For-Profit Corp. § 715(a), (b).[5] Here, Spritzer presents no

---

[4](...continued)
inaccurate because the Permanent Injunction and the Machne Resolution apply to different individuals, and thus, do not conflict. The Permanent Injunction, which did not expressly void the prior Machne Resolution, prevented Goldman, Heber, and Hershkop from interfering with the administration of the camp, while the Machne Resolution prevented Spritzer from undertaking further activities related to Machne. Spritzer argues there is a conflict, and either the Permanent Injunction or Machne Resolution must give way, because otherwise, no one would have been authorized to run Machne. Although this may have been an unfortunate outcome for the children utilizing the camp, it does not defy common sense that litigation and fighting among a board of directors would result in a corporation being unable to function.

[5] Section 715(a) and (b) of the New York Not-For-Profit Corporation law states:

(a) No contract or other transaction between a corporation and one or more of its directors or officers, or between a corporation and any other corporation, firm, association or other entity in which one or more of its directors or officers are directors or officers, or have a substantial financial interest, shall be either void or voidable for this reason alone or by reason alone that such director or directors or officer or officers are present at the meeting of the board, or of a committee thereof, which authorizes such contract or transaction, or that his or their votes are counted for such purpose:

(1) If the material facts as to such director's or officer's interest in such contract or transaction and as to any such common directorship, officership or financial interest are disclosed in good faith or known to the board or committee, and the board or committee authorizes such contract or transaction by a vote sufficient for such purpose without counting the vote or votes of such interested director or officer; or

(2) If the material facts as to such director's or officer's interest in such contract or transaction and as to any such common directorship, officership

(continued...)

6

evidence that he informed the old board or a properly constituted new board of the material facts relating to his purported loans or that any board of directors authorized the loans at any time.[6]

Although Spritzer's notation of "loan" is one factor to consider in determining the intent of the parties, the lack of any documentation relating to the terms of the loan and the lack of intent on behalf of Machne to accept a loan provides sufficient evidence to support the Bankruptcy Court's finding. Thus, it was not clearly erroneous for the Bankruptcy Court to find the advances made by Spritzer to Machne after the resolution of March 17, 1997 were not loans and therefore are not recoverable in the bankruptcy

---

[5](...continued)
> or financial interest are disclosed in good faith or known to the members entitled to vote thereon, if any, and such contract or transaction is authorized by vote of such members.

> (b) If such good faith disclosure of the material facts as to the director's or officer's interest in the contract or transaction and as to any such common directorship, officership or financial interest, is made to the directors or members, or known to the board or committee or members authorizing such contract or transaction, as provided in paragraph (a), the contract or transaction may not be avoided by the corporation for the reasons set forth in paragraph (a). If there was no such disclosure or knowledge, or if the vote of such interested director or officer was necessary for the authorization of such contract or transaction at a meeting of the board or committee at which it was authorized, the corporation may avoid the contract or transaction unless the party or parties thereto shall establish affirmatively that the contract or transaction was fair and reasonable as to the corporation at the time it was authorized by the board, a committee or the members.

N.Y. Not-For-Profit Corp. § 715(a), (b).

[6] Spritzer's argument that Machne's use of the loan proceeds constitutes evidence that Machne ratified the loans is unavailing. Machne's use of the funds does not speak to whether the advance was a loan or a donation because an organization would use the proceeds from either.

7

proceeding.[7]

Accordingly, we will affirm the District Court's judgment.

---

[7] Spritzer argues that if his loans were not authorized, New York law would prevent Machne from avoiding the loans without restoring the funds to him. Because Spritzer has failed to show he intended to make a loan in the first place, we need not analyze New York law to determine whether an unauthorized loan is void or voidable or whether a corporation can void a loan without restoring the funds.