NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3488
_____

In re:  CEDA MILLS, INC.,
Debtor

CHET DUFFY,
Appellant
_____

No. 12-3560
_____

In re:  CEDA MILLS INC.,
Appellant

On Appeal from the United States District Court
for the Western District of Pennsylvania
(District Court No. 2-10-cv-00796 and 2-10-cv-00599)
District Judge: The Honorable Terrence F. McVerry

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 12, 2013

Before: McKEE, *Chief Judge*, SMITH, and SLOVITER, *Circuit Judges*

(Filed: October 1, 2013)

_____

OPINION
_____

SMITH, *Circuit Judge.*

This is an appeal by a debtor, Ceda Mills, Inc. ("Ceda Mills"), and its majority shareholder, Chet Duffy ("Duffy"), from an order by the United States District Court for the Western District of Pennsylvania affirming a final order of the United States Bankruptcy Court for the Western District of Pennsylvania instructing Ceda Mills to make distribution payments to minority shareholders.[1] We will affirm.

Ceda Mills was a company that processed steel at a facility in New Castle, Pennsylvania. Duffy is the controlling shareholder of Ceda Mills, owning 83% of the company's outstanding shares of stock. The remaining 17% of the company's stock is held by four minority shareholders.

In late summer and early autumn 2003, Ceda Mills' facility and equipment sustained extensive damage from severe thunderstorms, forcing the company to cease operations. On April 2, 2004, Ceda Mills filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Western District of Pennsylvania. Among the debtor's most significant assets were claims brought in adversary proceedings by Ceda Mills against its insurance carriers for bad faith denial of coverage and property damage

---

[1] The Bankruptcy Court had jurisdiction under 28 U.S.C. § 157. The District Court had jurisdiction to review the Bankruptcy Court's Order pursuant to 28 U.S.C. § 158(a). We exercise jurisdiction under 28 U.S.C. § 158(d).

relating to the thunderstorms. On October 31, 2006, Ceda Mills successfully negotiated a settlement of some of these claims, resulting in payment of approximately $14.1 million to Ceda Mills.

As the bankruptcy estate progressed, the Bankruptcy Court became concerned that conduct by Ceda Mills and Duffy was threatening the integrity of the bankruptcy process. Among other things, the Bankruptcy Court learned that Duffy and Ceda Mills had failed to disclose information concerning the debtor's financial state (including information about the insurance settlement) to Ceda Mills' minority shareholders and creditors, thereby failing to give to these interested parties an accurate disclosure of the debtor's true financial condition. The Bankruptcy Court also became concerned about several transfers of money from Ceda Mills' accounts to Duffy and members of his immediate family.

In February 2010, Ceda Mills requested that the Bankruptcy Court accept shareholder election forms signed by several minority shareholders. These forms stated that the minority shareholders wished to waive any pro rata distribution of excess funds held by Ceda Mills in exchange for the return of their initial investment in the company. The Bankruptcy Court declined to accept the shareholder election forms, reasoning that it made no economic sense for the minority shareholders to waive their right to the company's surplus funds. Instead

of accepting the shareholder election forms proffered by the debtor, the Bankruptcy Court instructed the Office of the United States Trustee to investigate the circumstances surrounding the minority shareholders' signing of the shareholder election forms.

On March 10, 2010, the Trustee filed a report and recommendation advising that three of the minority shareholders wished to rescind their previous elections and instead receive their full pro rata interest in the company's surplus funds. On April 13, 2010, over the objection of Ceda Mills and Duffy, the Bankruptcy Court adopted the findings of the Trustee's report and issued an order that instructed Ceda Mills to distribute excess funds to the minority shareholders who had elected to receive such distributions in pro rata amounts equal to each shareholder's equity interest. Ceda Mills and Duffy each appealed the Bankruptcy Court's order to the District Court.[2] On March 29, 2012, the District Court entered an order affirming the Bankruptcy Court's April 13, 2010 order. This timely appeal followed.

On appeal of an order of the District Court in its bankruptcy appellate capacity, we review the District Court's findings of fact for clear error and its legal conclusions *de novo*. *In re Pransky*, 318 F.3d 536, 542 (3d Cir. 2003). The

---

[2] The District Court initially dismissed both of the appeals as untimely. Ceda Mills and Duffy each appealed dismissal. On July 18, 2011, this Court held that the appeals from the Bankruptcy Court's April 13, 2010 order were timely and sent the matter back to the District Court. *See In re Ceda Mills, Inc.*, 652 F.3d 495 (3d Cir. 2011).

District Court rejected appellants' argument that the Bankruptcy Court exceeded its jurisdiction in issuing the April 13, 2010 order, holding that this order was a proper exercise of the Bankruptcy Court's jurisdiction under 28 U.S.C. § 157(b)(2)(A) & (b)(2)(O). The District Court also held that the Bankruptcy Court did not violate appellants' due process rights when it ordered Ceda Mills to make distributions to minority shareholders without first conducting an evidentiary hearing. In reaching this decision, the District Court agreed with the Bankruptcy Court's determination that no hearing was necessary because Ceda Mills and Duffy had previously argued the issue before the Bankruptcy Court on several occasions. Finally, the District Court did not modify the amounts that the Bankruptcy Court ordered Ceda Mills to distribute to the minority shareholders, which were calculated based on a financial report provided to the Bankruptcy Court on November 19, 2009 by Ceda Mills' counsel.

After reviewing the record before us, we conclude that the District Court did not err in its analysis. Accordingly, we will affirm the judgment of the District Court.